442 P.2d 733

Ward PAULLUS, Plaintiff-Appellant,

v.

Vern LIEDKIE, Defendant-Respondent.

No. 10088.

Supreme Court of Idaho.

July 9, 1968.

Cox & Powell, Coeur d'Alene, for appellant.

Madden, Randall, Bengtson & Peterson, Lewiston, for appellee.

McFADDEN, Justice.

Plaintiff Ward Paullus, appellant herein, instituted this action against defendant Vern Liedkie, respondent herein, for damages for breach of contract. Appellant's complaint is based on two contracts the parties entered into, pursuant to which appellant sold to respondent a number of pigs for breeding; included were four sows, thirty gilts either ready to farrow or close to farrowing, and twelve large "Hamps and Yorks sows." In exchange for the sale of these pigs, respondent was to deliver to appellant 292 weaner pigs weighing at least 30 pounds. These pigs were to be the first offspring of the pigs delivered to respondent. In addition, appellant was to have the right to buy future offspring from respondent for the next two years at $10 each.

Appellant delivered the pigs to respondent and thereafter respondent delivered back a number of the weaner pigs referred to in the contract, it being stipulated that 216 of these pigs were actually delivered by respondent to appellant. A second agreement was executed on another group of hogs which incorporated terms similar to the first agreement. Appellant brought suit on the two contracts, asserting that respondent had not complied with his part of the agreement. Respondent answered and counter-claimed, alleging that appellant had delivered pigs that were infected with a communicable disease and that such disease was transmitted to respondent's other pigs. Respondent further alleged that he sustained damages by having to sell his hogs for butchering purposes rather than as breeding stock because of the disease.

The case was tried to the court sitting without a jury. At the close of appellant's case, respondent moved for an involuntary dismissal of appellant's claim pursuant to the provisions of I.R.C.P. 41(b). The trial court granted respondent's motion.

Thereafter the trial continued on the issues presented by respondent's counter-claim. The trial court entered findings of fact, conclusions of law and judgment in the amount of $11,516.47 in favor of respondent.

During this action appellant had the services of several attorneys at various times. However, after the judgment was entered, appellant filed a motion for a new trial pro se. The court denied his motion on April 11, 1967. Appellant's present counsel thereafter filed a notice of appeal from both the judgment and the order denying appellant's motion for new trial. Respondent contends appellant's brief contains only one assignment of error, that the trial court erred in denying his motion for new trial, which assignment is followed by a statement particularizing the grounds wherein the trial court erred in denying the motion for new trial. Appellant's first assignment of error is directed to the trial court's denial of his motion for new trial. He then states: "More Particularly" and thereafter enumerates under

Roman Numerals II through VI his other assignments of error. Appellants brief is no model of clarity, but it is sufficient to comply with Supreme Court Rule 41(2), and therefore the rule that assignments of error not distinctly enumerated will not be considered is not applicable here. See McLean v. City of Spirit Lake, 91 Idaho 779, 430 P.2d 670 (1967); Byington v. Clover Club Potato & Produce Co., 91 Idaho 165, 418 P.2d 206 (1966); Jordan v. Jordan, 87 Idaho 432, 394 P.2d 163 (1964).

We shall first deal with appellant's *pro se* motion for new trial. The motion was filed on February 24, 1967, and recites as the grounds for the new trial, the following:

### "I.

"Irregularities in the proceedings of the court, and adverse party by which the Plaintiff was prevented from having a fair trial.

### "II.

"Damages so excessive as unmistakably would indicate that the judgment was the result of passion and prejudice.

### "III.

"There is no evidence or reasonable inference in the evidence to justify the decision or that it is contrary to law.

### "IV.

"Error in law occurring at the trial and excepted to at the time by the Plaintiff.

### "V.

"That substantial justice has not been done."

I.C.R. § 10–602 specifies eight grounds for a new trial. I.R.C.P. 59(a) makes reference to I.C.R. § 10–602, when it states "A new trial may be granted to all or any of the parties and on all or part of the issues for any of the reasons provided by the statutes of this state." I.C.R. § 10–603 provides "When an application is made for a cause mentioned in the first, second, third and fourth subdivisions of the last section [I.C.R. § 10–602] it *must* be made upon affidavits * * *." Adoption of the Idaho Rules of Civil Procedure did not repeal I.C.R. § 10–603 and in fact these rules contemplate the viability of I.C.R. §§ 10–602 and 10–603. See I.R.C.P. 59(c) wherein the time limits for affidavits are set forth.

Appellant submitted no affidavits with his motion for new trial or at any time thereafter. The trial court did not err in its refusal to grant a new trial on the ground of irregularities, because the motion for new trial did not specify what irregularities appellant considered material and no affidavits indicating the irregularities were filed.

Appellant's third and fourth grounds for the motion for new trial asserted the insufficiency of the evidence and errors of law occurring at the trial. See I.C.R. § 10–602(6 & 7).

Adoption of I.R.C.P. 59 and its subdivisions and I.R.C.P. 86 abrogated portions of I.C.R. § 10–604.[1] It is no

---

1. "10–604. Notice of intention.—The party intending to move for a new trial must, within ten days after the verdict of the jury, if the action were tried by a jury, or after notice of the decision of the court or referee, if the action were tried without a jury, file with the clerk and serve upon the adverse party a notice of his motion designating the grounds upon which the motion will be made, and whether the same will be made upon affidavits, or the records and files in the action, or the minutes of the court.

"1. If the motion is to be made upon affidavits, the moving party must, within ten days after serving the notice, or such further time as the court in which the action is pending, or a judge thereof, may allow, file such affidavits with the clerk and serve a copy upon the adverse party, who shall have ten days to file counter affidavits, a copy of which must be served upon the moving party.

"2. When the motion is to be made upon minutes of the court, and the ground of the motion is the insufficiency of evi-

longer essential to give a "notice of intention" as mentioned in I.C.R. § 10–604. Cf. Davis v. Rogers, 72 Idaho 33, 236 P.2d 1006 (1951). The filing of the motion itself, within the time limits of I.R.C.P. 59(b) replaces the "notice of intention." However, certain portions of I.C.R. § 10–604 are still applicable. The motion for new trial should still set out "the grounds upon which the motion" is made, and whether it is made "upon affidavits, or the records and files in the action, or the minutes of the court." Appellant's motion for new trial sets forth the grounds of the motion but fails to state whether the motion is made upon the affidavits or minutes of court. It should also be noted that the transcript on appeal does not contain a certificate setting forth what papers were used in ruling upon this motion, as required by Supreme Court Rule No. 35.[2]

■■ A rule of statutory construction applicable here is that a later enactment will impliedly repeal an earlier one only to the extent of any conflict between the two. City of Bisbee v. Cochise County, 44 Ariz. 233, 36 P.2d 559 (1934); 82 C.J.S. Statutes § 291, at 492 (1953). Cf. Jordan v. Pearce, 91 Idaho 687, 429 P.2d 419 (1967); State v. Roderick, 85 Idaho 80, 375 P.2d 1005 (1962). The provisions of I.C.R. § 10–604(1) are abrogated by the provisions of I.R.C.P. 59(c); but the provisions of I.C.R. § 10–604(2) are not fully abrogated because if the motion is based upon the insufficiency of the evidence, the motion itself should "specify the particulars in which the evidence is alleged to be insuf-

ficient * * *." Furthermore, "if the ground of the motion be errors in law occurring at the trial, * * * the notice [motion] must specify the particular errors upon which the party" relies. The requirements of particularity in regard to grounds for the motion of insufficiency of the evidence or the errors of law are in accord with the requirements of I.R.C.P. 59 and its various subdivisions.

■ Inasmuch as appellant's motion for a new trial, and particularly grounds No. III and IV, set out above, did not particularize where the evidence was insufficient or particularize wherein the court erred in law, the trial court did not err in denying the motion on these two grounds.

■ The two remaining grounds for appellant's motion for new trial are that the damages were excessive and that substantial justice had not been done. The trial court entered a judgment against appellant after making specific findings of fact and conclusions of law based upon respondent's counter-claim. The evidence sufficiently sustains the finding of the trial court in this regard and particularly the finding that respondent owned nine registered sows and boars with a market value of $200 each prior to the purchase of appellant's hogs, and that respondent sold all of the hogs to be butchered for only $73.75 each which included 136 unregistered sows and gilts that had a market value of $150 each as breeders. These market values were based upon evidence as to the market value of these particular pigs in July of 1965. Appellant did not refute this evidence and the evidence is sufficient to sustain these

---

dence to justify the verdict or other decision, the notice of motion must specify the particulars in which the evidence is alleged to be insufficient; and, if the ground of the motion be errors in law occurring at the trial, and excepted to by the moving party or deemed excepted to, the notice must specify the particular errors upon which the party will rely. If the notice of motion does not contain the specifications herein designated the moving party may at any time within twenty days after filing such notice of motion, or within such further time as the court may al-

low, file a notice containing such specifications and serve a copy of the same upon the adverse party, and unless he do so the motion must be denied."

2. "Rule 35. Certificate as to Papers Used on Contested Motion.—The transcript or record on appeal shall show that there is attached to or made a part of it all orders made by the judge disposing of a motion for a new trial, or any other contested motion, * * * a certificate substantially as follows, signed by the judge, clerk, or attorneys, to-wit: * * *."

findings. See Conley v. Amalgamated Sugar Co., 74 Idaho 416, 263 P.2d 705 (1953).

■ As concerns the other assignments of error, considereing them as being directed to the entry of the judgment for respondent against appellant, we find no error in these. The appellant claims that the trial court's failure to reduce the result of a pre-trial hearing to a written order prejudiced him. The record fails to disclose where any prejudice resulted. The exhibits introduced into evidence by appellant that were authorized to be admitted under the pre-trial order were admitted pursuant to that order; plaintiff's complaint was amended pursuant to the previous pre-trial order and this was filed; nothing appears of record indicating that the appellant was in any way prejudiced by not having a written order entered as a result of this conference.

Appellant assigns as error the action of the trial court in dismissing his complaint at the close of his evidence pursuant to I.R.C.P. 41(b). It is impossible for this court to adequately assess the merits of this contention inasmuch as the trial court failed to make any findings of fact and conclusions of law in regard to appellant's complaint. All the findings of fact and conclusions of law deal exclusively with the issue raised by respondent's counter-claim.

■ This was a case tried to the court and the findings should have been made. I.R.C.P. 41(b), 52(a); Bauscher Grain v. National Sur. Corp., 92 Idaho 229, 440 P.2d 349 (1968); Whitney v. Continental Life and Acc. Co., 89 Idaho 96, 403 P.2d 573 (1965). Compare Stratton v. Stratton, 87 Idaho 118, 391 P.2d 340 (1964). The complaint was sufficient as a matter of law and if appellant's proof failed as to an essential element, then the trial court may grant the I.R.C.P. 41(b) motion, but should find the facts. Compare Fed.Rule 52(a). We reverse the judgment as to that part which orders appellant's complaint dismissed and remand with an instruction to make findings of fact

and conclusions of law in relation to the issues raised in the complaint.

■ It is asserted that the trial court erred in interposing its own objections to important evidentiary matters offered by appellant. The record fails to sustain this contention because the record does not show that the court interposed any objection. The contention appears to be based upon the trial court's comment made while appellant was discussing the values of the weaner pigs in 1965. After stating that the value ranged from $8 to $14, appellant then stated that that was a guess, more or less. The Court stated: "I hate to interrupt here, but if you are just guessing, why, of course, I am striking the evidence." Nothing was done at that time by the court and the evidence was not stricken. There was no error committed.

■ Appellant next asserts that "the court erred in several rulings relating to the admission of evidence, resulting in the allowance into evidence of prejudicial evidence to appellant and the denial into evidence of important, elucidative evidence on behalf of appellant." However, appellant does not specify what rulings are objected to nor does he direct our attention to any rulings of the court excluding his evidence. In the absence of such specification, the assignment will not be reviewed. Johnson v. Bennion, 70 Idaho 33, 211 P.2d 148 (1949).

Finally, appellant contends that the court's findings of fact are not sustained by competent evidence, resulting in erroneous conclusions of law and judgment. In this regard, appellant challenges the trial court's findings that respondent's swine herd was in good health at the time of the delivery of the swine by appellant to respondent; that the animals delivered by appellant to respondent were infected with a bacteria making them unfit for breeding purposes, with the result that the disease affecting the animals sold by appellant to respondent infected the offspring causing the offspring to die in large numbers; and further, that the disease of appellant's ani-

mals sold to respondent was transmitted to respondent's swine and caused him a substantial monetary loss in these animals because he could not keep his animals for breeding purposes but had to sell them for butchering. The other findings attacked have reference to the findings of the value of the respective animals.

 It is sufficient to say that we have carefully reviewed all of the evidence and have concluded that the evidence fully substantiates the findings of the trial court.

Appellant asserts that the trial court erred in its conclusion of law that appellant breached an implied warranty. Appellant cites Barton v. Dowis, 315 Mo. 226, 285 S.W. 988, 51 A.L.R. 494 (Mo.1926), for the proposition that an implied warranty of fitness for breeding would not be breached by having diseased hogs. We cannot agree with this proposition. Barton v. Dowis has been extensively criticized and explained and we cannot believe that it is presently controlling. Mullins v. Sam Scism Motors, Inc., 331 S.W.2d 185 (Mo. App.1960); Mitchell v. Rudasill, 332 S.W. 2d 91, 87 A.L.R.2d 1309 (Mo.App.1960). In the latter case, the Missouri Court of Appeals attempts to distinguish Barton v. Dowis, supra, but fails to do so, and we believe Barton v. Dowis has been impliedly overruled.

When one sells hogs for breeding, with an implied warranty that they are fit for that purpose, and the hogs turn out to be infected with a disease that renders them useless as breeders, and in fact substantial numbers of piglets die, then it would be ridiculous to say that the pigs were fit for the purpose intended. Once the warranty has been breached then all the damages that are reasonably foreseeable follow. 46 Am.Jur. Sales § 752 (1943); See I.C. § 64–115 in effect at the time the transaction took place; see also I.C. § 28–2–715, now in effect.

The judgment and order denying new trial are affirmed except as to that part dismissing appellant's complaint; that portion is reversed and remanded with instruc-

tions to make findings of fact and conclusions of law in regard to the issues raised thereby and enter judgment accordingly.

No costs allowed.

SMITH, C. J., and TAYLOR, McQUADE, and SPEAR, JJ., concur.