484 P.2d 1036

Leo FIGNANI and Neva Fignani, husband and wife, Plaintiffs-Respondents,

v.

CITY OF LEWISTON, a municipal corporation, and Richard W. Thomas, Defendants-Appellants.

No. 10661.

Supreme Court of Idaho.

May 7, 1971.

Ware, Stellmon & O'Connell, Lewiston, for defendants-appellants.

Paul C. Keeton and D. K. Worden, Jr., Lewiston, for plaintiffs-respondents.

McQUADE, Chief Judge.

This is an appeal from an order granting a new trial to Leo Fignani and Neva Fignani, plaintiffs-respondents, in a negligence action, after a jury trial at which the City of Lewiston and Richard W. Thomas, defendants-appellants, were found negligent and liable for damages in the amount of $2,000. The trial judge, upon timely motion by the Fignanis for a new trial, granted the motion unless the appellants consented to an additur of $3,000, on the grounds that the jury failed to allow adequate damages. Appellants refused to consent to the additur, and a new trial was ordered.

Though the facts of the case were disputed, with appellants denying negligence, there is no appeal on the substantive issue of negligence. It appears that on the morning of January 16, 1968, Mrs. Fignani was driving along Main Street in Lewiston, had come to a stop upon the street while signaling a left turn, and was run into from the rear by appellant Thomas, an employee of the City of Lewiston. The streets were icy. Judgment was entered October 31, 1969, the day after the verdict. November 4, 1969, respondents filed a motion for a new trial. The motion for a new trial submitted by the respondents stated in relevant part:

"COME NOW the above named plaintiffs, pursuant to Section 10–602 Idaho Code and Rule 59 of IRCP, and move the above entitled court to grant a new trial for the following reasons and upon the following grounds, to-wit:

1. That the evidence is insufficient to justify the verdict in that the evidence, and all of the evidence, clearly showed that plaintiffs' special damages including, but not limited to, her medical bills and her loss of wages, exceeded the award given by the jury."

After a hearing on the motion, the court issued a memorandum opinion granting the new trial if an additur of $3,000 were not consented to. The memorandum opinion, in full, stated:

"It is the court's opinion that unless the defendant would accept an additur of three thousand dollars ($3,000.00) that a new trial should be granted: The finding of the jury left no question as to the negligence of the defendants.

"The sole question arises out of the failure of the jury to allow adequate damages.

"The court feels very unwilling to act as the 13th juror, though I think in this case it is most advisable.

"Dated and signed this 2nd day of January, 1970." [1]

Though the motion stated additional grounds for a new trial all relating to instructions given by the court to the jury, the new trial was granted solely on the basis of the first ground.

■ Appellants contend the new trial was improperly granted. It is argued that the respondents' motion for a new trial was faulty because it did not specify the particulars in which the evidence was alleged to be insufficient, and did not state whether the motion was made upon affidavits, the records and files in the action, or the minutes of the court, as required by I.C. §§ 10–602 and 10–604.

This Court held in Bernier v. Anderson [2] that, "If the specifications designate some particular fact, and aver that it is not justified by, or not sustained by, or contrary to, the evidence, they are sufficient." That rule has since been reiterated by this Court, and remains as the standard for the specification of particulars in which the evidence is alleged to be insufficient.[3] The object of this requirement is set out in the case of Palmer v. Northern Pacific Ry. Co.,[4] where it is stated:

"the object of the rule requiring these specifications is, first, to shorten the statement of the evidence by excluding everything irrelevant to the specified fact; and, second, to notify the opposite party of the particular finding called in question in order that he may see that the statement fairly and fully presents the evidence bearing upon that particular matter."

The objects of the requirement, as set out in the Palmer case, supra, and the rule of the Bernier case, supra, are both met by the specifications in the respondents' motion for a new trial. It is clear from the motion the respondents were contending the evidence did not support the jury's finding of the amount of damages suffered by respondents. No more exact specification than this is required.

■ Appellants are accurate in their contention that respondents failed to state in their motion for a new trial whether the motion was made upon affidavits, the records and files in the action, or the minutes of the court, as the language of I.C. § 10–604 seems to require. However, as we held in the case of Ricard v. Gollen,[5]

"[s]ince the adoption of Idaho Rules of Civil Procedure, particularly Rules 50(b), 50(c), 59(c) and 59(d), failure to comply with the requirements of statutory Rule 10–604 does not ipso facto oust the court of jurisdiction to grant a new trial."

Under Rule 59(d) the trial court could have ordered a new trial on its own motion. Our rejection of appellants' argument on this point is further buttressed by Rule 61, Idaho R.Civ.P., which provides in part that:

"No error * * * by any of the parties is ground for * * * vacating, modifying, or otherwise disturbing a judgment or order unless refusal to take such action appears to the court inconsistent with substantial justice * * *."

The motion for a new trial was in substantial compliance with the procedural requirements for such a motion. Enumerated paragraph "1" of the motion [6] specifies the particulars in which the evidence was alleged to be insufficient, and clearly infers that the motion was made on the basis of the record of the evidence adduced at trial. That is sufficient. The recent

1. No. 18489, District Court, Second Judicial District, January 2, 1970.

2. 8 Idaho 675, 684, 70 P. 1027, 1029 (1902).

3. Davis v. Rogers, 72 Idaho 33, 38, 236 P.2d 1006 (1951).

4. 11 Idaho 583, 586–587, 83 P. 947, 948 (1905).

5. 91 Idaho 335, 337, 421 P.2d 130, 132 (1966).

6. Quoted, supra.

case of Paullus v. Liedkie [7] is inapposite. The Court in that case upheld the denial of a motion, based upon insufficiency of the evidence, for a new trial because the motion therefor failed to specify the particulars in which the evidence was alleged to be insufficient.

■ Appellants further contend that the trial court did not exercise sound legal discretion in granting the new trial, but instead substituted its judgment for that of the jury. As this Court stated in Sanchotena v. Tower Co.,[8]

"This court is firmly committed to the rule that a trial court possesses a discretion to be wisely exercised in granting or refusing to grant a new trial and that such discretion will not be disturbed on appeal unless it clearly appears to have been exercised unwisely and to have been manifestly abused." (Citations omitted).

In affirming this Court's adherence to this rule, in the early case of Say v. Hodgin,[9] we pointed out that:

"The trial judge sees the witnesses on the witness stand, observes the manner of their testifying, notes their apparent candor or fairness, or the want of it, hears the argument of counsel, and, in short, is in possession of many sources of information valuable in an inquiry as to whether justice has miscarried or not, and which cannot be made to appear in the record of the case which comes to the appellate court[.]" [10]

In the case at bar, the trial court determined that the damages awarded by the jury were inadequate in view of the evidence introduced during the trial. The evidence is confused by the amounts cited as proven damages in respondents' brief,[11] but the record clearly indicates that special damages and wage losses totaling at least $1,979.37 were established. Since the jury awarded a recovery of $2,000.00 to respondents, this means a maximum of $20.63 was awarded respondents for Mrs. Fignani's pain and suffering, future partial disability and future medical expenses due to the injury sustained, and inability in the future to resume full time her pre-injury employment.

Respondents' proof at trial was clear and uncontradicted in regard to the severe and protracted pain suffered from the injuries. There was also significant and uncontradicted though somewhat vague testimony that Mrs. Fignani would suffer future medical expenses and partial disability. In the face of this evidence, an award of only $20.63 to cover these damages can only be characterized as extremely meager. A grant of a new trial on these facts, on the ground that the award was inadequate in light of the evidence, cannot be termed an abuse of discretion.[12]

The order of the district court is therefore affirmed. Costs to respondents.

McFADDEN, DONALDSON, SHEPARD, and SPEAR, JJ., concur.

7. 92 Idaho 323, 326, 442 P.2d 733 (1968).

8. 74 Idaho 541, 546, 264 P.2d 1021, 1024 (1953).

9. 20 Idaho 64, 116 P. 410 (1911).

10. *Id.*, at 68, 116 P. at 411–412.

11. Respondents indicate in their brief, at page 3, that wage losses and the special damages totaling $1,979.37 have been established, but indicate, at page 10, that

wage losses and special damages total $2,117.00. This discrepancy is unexplained.

12. *See* Miller v. Atchison, Topeka & Santa Fe Railway Co., 166 Cal.App.2d 160, 332 P.2d 746 (1958) ; Spencer v. Young, 194 Cal.App.2d 252, 14 Cal.Rptr. 742 (1961) ; Timmerman v. Schroeder, 203 Kan. 397, 454 P.2d 522 (1969) ; Ide v. Stoltenow, 47 Wash.2d 847, 289 P.2d 1007 (1955).