529 P.2d 771

Arnold FAIRCHILD, Plaintiff-Appellant,

v.

Sarah FAIRCHILD, Defendant-Respondent.

No. 11482.

Supreme Court of Idaho.

Dec. 20, 1974.

Lyman Bennett of Bennett & Bennett, Bozeman, Mont., William R. Hollifield, of Taylor & Hollifield, Twin Falls, for plaintiff-appellant.

John C. Hepworth, of Hepworth, Nungester, Felton & Hart, Buhl, for defendant-respondent.

DONALDSON, Justice.

This appeal places in issue the propriety of the trial court's granting of defendant-respondent's motion for dismissal pursuant to I.R.C.P. 41(b) of plaintiff's action for malicious prosecution. For the reason stated below the judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

Sarah Fairchild, the defendant-respondent, was granted a divorce from Arnold Fairchild, the plaintiff-appellant, on June 29, 1965. The decree allowed Arnold visitation rights at certain reasonable times and places to see the children of the marriage.

On August 31, 1965, Arnold traveled from Montana to Boise with one of his sons to enroll that son in school. On the way to Boise, Arnold stopped at the ranch near Buhl, owned by Arnold, but occupied by Sarah and their children. This occurred at approximately 6:00 a. m., and was for the purpose of picking up another son to ride along to Boise. Arnold also told his daughter Rosalie to tell Sarah to pack the second son's clothes because Arnold intended to take that son back to Montana for a visit.

After the trip to Boise, Arnold returned to the ranch with the second son to pick up the boy's clothes. Sarah met Arnold and the boy at the door, and told Arnold he could not enter the house, and that the boy could not go to Montana. Arnold said they had to talk about it. Sarah said she would not discuss it and stepped away from the door. Arnold entered the house saying that they would discuss it. Sarah retreated behind a table and grabbed a pair of scissors. Arnold reached across the table and gave Sarah two slaps on the face. Sarah dropped the scissors, and fell to the floor. Arnold then sat on her and raised his hand to initiate another slap. Sarah pled for him to not slap her, and he acquiesced. Arnold left the ranch soon after the hostilities subsided.

Following this incident, Sarah initiated both criminal and civil actions against Arnold. The criminal action was dismissed when Sarah refused to return to the jurisdiction to testify. The civil action was dropped by Sarah's attorney.

Arnold subsequently brought his action for malicious prosecution of the criminal and civil actions, and abuse of process in the civil action. Upon trial without jury the trial court granted a dismissal under I.R.C.P. 41(b) pursuant to a motion made by defendant-respondent following the presentation of plaintiff-appellant's case. From that dismissal this appeal is taken.

The appellant's fourth assignment of error [1] contends that the trial court erred in dismissing the plaintiff's claim. This places in issue the Rule 41(b) dismissal. The trial court failed to make findings of fact and conclusions of law in connection with the dismissal. A similar situation was presented in Paullus v. Liedkie, 92 Idaho 323, 442 P.2d 733 (1968), and the Court responded as follows:

"Appellant assigns as error the action of the trial court in dismissing his complaint at the close of his evidence pursuant to I.R.C.P. 41(b). It is impossible for this court to adequately assess [sic] the merits of this contention inasmuch as the trial court failed to make any findings of fact and conclusions of law in regard to appellant's complaint. All the findings of fact and conclusions of law deal exclusively with the issue raised by respondent's counter-claim.

"This was a case tried to the court and the findings should have been made. I.R.C.P. 41(b), 52(a); Bauscher Grain

---

1. The other assignments of error involve factual issues and cannot be discussed without findings of fact from the trial court.

v. National Sur. Corp., 92 Idaho 229, 440 P.2d 349 (1968); Whitney v. Continental Life and Acc. Co., 89 Idaho 96, 403 P.2d 573 (1965). Compare Stratton v. Stratton, 87 Idaho 118, 391 P.2d 340 (1964). The complaint was sufficient as a matter of law and if appellant's proof failed as to an essential element, then the trial court may grant the I.R.C.P. 41(b) motion, but should find the facts. Compare Fed.Rule 52(a). We reverse the judgment as to that part which orders appellant's complaint dismissed and remand with an instruction to make findings of fact and conclusions of law in relation to the issues raised in the complaint." 92 Idaho at 327, 442 P.2d at 737.

The law of this jurisdiction is stated correctly in *Paullus*. Therefore this case is reversed and remanded to the district court for further proceedings. Costs to appellant.

SHEPARD, C. J., and McQUADE, BAKES and McFADDEN, JJ., concur.