566 P.2d 381

SCAFCO BOISE, INC., an Idaho Corporation doing business under the name of American Industrial Manufacturers, Plaintiff-Respondent and Cross-Appellant,

v.

Larry RIGBY and Gary Mason, Defendants-Appellants and Cross-Respondents.

No. 12251.

Supreme Court of Idaho.

June 27, 1977.

Larry Rigby and Gary Mason, pro se.

Nels T. Sahl, St. Anthony, for plaintiff-respondent and cross-appellant.

SCOGGIN, District Judge (ret.).

This is a dispute between Scafco Boise, Inc., a corporation which supplies potato pipe for ventilation of potato cellars, and Larry Rigby and Gary Mason, partners doing business as T-Span Buildings. Scafco's amended complaint sought judgment for the sum of $8,515.17 plus interest as the amount due on potato pipe supplied, less $1,110.80 for commissions admittedly earned by defendants Rigby and Mason. The case went to trial on December 9 and 10, 1975, at St. Anthony, Idaho. Rigby and Mason, who appeared *pro se*, did not strenuously dispute the fact of their outstanding debts but, though they had made no counterclaim on the matter, they claimed an additional offset of $5,594.00. This, they alleged, was due them as commissions for having their customers choose Scafco piping for installation in the potato sheds Rigby and Mason were erecting. The jury apparently rejected this allegation: its verdict for Scafco in the amount of $7,279.40, plus costs and interest, was almost the exact amount demanded by Scafco in its prayer for relief. Judgment was entered on this verdict by the clerk of the court, pursuant to I.R.C.P. 58(a).

On December 15, 1975, defendants Rigby and Mason filed a motion for judgment notwithstanding the verdict, or to set aside the judgment, or, in the alternative, for a new trial. On April 9, 1976, the trial court issued its order granting defendants' motion for a new trial unless plaintiff accepted a reduced judgment for $4,950.00, the amount the trial court felt was substantiated after taking into account the uncontradicted evidence on the various offset items. Plaintiff indicated a willingness to accept such a remittitur and judgment was entered accordingly on April 19, 1976. De-fendants appealed and plaintiff withdrew its acceptance and cross-appealed for the full amount originally awarded by the jury.

Scafco challenges at the outset the validity of the court order from which Rigby and Mason bring this appeal. As stated above, defendants Rigby and Mason filed their motions for judgment notwithstanding the verdict, or to set aside the judgment or for a new trial on December 15, 1975, the very day on which judgment was entered in this case. Their motion was based on the following reasons:

"1. The verdict is contrary to law.
2. The verdict is against the weight of the evidence.
3. The verdict is not sustained by sufficient evidence.
4. The verdict was contrary to the charge of the Court.
5. Newly discovered and material evidence, discovered since the trial, and which could not have been obtained on the trial by the exercise of reasonable diligence, which would substantially establish the fact that Defendants were entitled to a more equitable settlement than that reached by the jury."

On January 14, 1976, the day notice of the motion was served upon him, counsel for Scafco moved to strike the motion on the grounds that it lacked supporting affidavits and failed to set forth the factual grounds therefor with particularity. Rigby and Mason filed a motion for continuance on January 29, 1976. There is no record that this motion was ever ruled upon. On February 10, 1976, defendants filed a "brief" and affidavits in support of their motions, which documents consisted largely of a rearguing of their case, a presentation of an exhibit the defendants had forgotten to introduce in evidence during trial, and a report of a hearsay conversation with the jury foreman who stated that the jury members thought they were barred from considering defendants' claim on the offset items.

The trial court, in its Order of April 9, 1976, held, with regard to the five reasons stated in defendants' post-judgment motions, that "the only points which appear worthy of consideration are defendants' contention that the verdict is against the weight of the evidence." The court, there-

fore, correctly characterized the motion as a Rule 59(a)(6) motion for a new trial:

"A new trial may be granted to all or any of the parties and on all or part of the issues in an action for any of the following reasons . . .

(6) Insufficiency of the evidence to justify the verdict or other decision, or that it is against the law."

As Scafco pointed out in a memorandum in support of its motion to strike, Rule 59(a) requires that,

"Any motion based on subdivisions 6 or 7 must set forth the factual grounds therefor with particularity."

The language is mandatory and is wholly dispositive of this appeal. We hold that defendants failed to state with any particularity the grounds of their motion for a new trial and thus the motion should have been denied by the trial court.

In *Paullus v. Liedkie,* 92 Idaho 323, 442 P.2d 733 (1968), the Court was faced with a virtually identical fact pattern. Appellant in that case likewise appeared pro se and filed a motion for new trial in terms just as general, vague and conclusory as in the present case. The holding of the Court, though based on slightly different rules and statutes then in effect, is controlling in the present case:

". . . if the motion is based upon the insufficiency of the evidence, the motion itself should 'specify the particulars in which the evidence is alleged to be insufficient.'"

The Court then ruled that, under such circumstances, it is proper to deny the motion for a new trial

"Inasmuch as appellant's motion for a new trial . . . did not particularize where the evidence was insufficient or particularize wherein the court erred in law." 92 Idaho at 326, 442 P.2d at 736.

The purpose of any rule demanding particularity in a motion for new trial, was stated long ago:

". . . the object of the rule requiring these specifications is, first, to shorten the statement of the evidence by excluding everything irrelevant to the specified fact; and, second, to notify the opposite party of the particular finding called in question in order that he may

see that the statement fairly and fully presents the evidence bearing upon that particular matter." *Palmer v. Northern Pacific Ry. Co.,* 11 Idaho 583, 586–587, 83 P. 947, 948 (1905).

The trial court erred in not addressing Scafco's motion to strike defendants' motion for a new trial. The motion was in violation of I.R.C.P. 59(a) in that it failed to allege any grounds with sufficient particularity. Such a violation is not to be excused simply because defendants were appearing pro se and may not have been aware of the rule. As the trial judge noted in his Order of April 9, 1976:

"The plaintiff in this case was represented by a competent law firm. The defendants were represented by themselves. This, the court believes, is unfortunate. Now, after the trial is over, it appears to the court that if defendants had had an attorney there would never have been any reason for having a trial because defendants' entire case could have been discussed with the plaintiff and an understanding could have been reached. If a trial had been had, then defendants' evidence would have been presented in a much more creditable manner and I am sure that he would have found the benefits he received from having an attorney to be greater than the cost of employing an attorney. Almost certainly he would not now be making a motion for new trial.

"However, the law provides that a man may try his own case if he wants to do so. Mr. Rigby has chosen to do so, and having so chosen, I suppose he should not complain if he finds himself in difficulty."

Since the motion should have been denied, the order granting the motion contingent upon acceptance of a remittitur is a nullity. Accordingly, the decision of the trial court is reversed and the district court is directed to reinstate the original judgment entering the jury verdict. Costs to respondent.

McFADDEN, C. J., DONALDSON and BAKES, JJ., and CUNNINGHAM, D. J., concur.