746 P.2d 1027

Vanessa NATIONS, individually, and as Guardian Ad Litem for Jase Nations, a minor child, Plaintiff–Respondent,

v.

BONNER BUILDING SUPPLY, a corporation, Jack Bopp and Bill Bopp, Defendants–Appellants.

No. 16498.

Court of Appeals of Idaho.

Dec. 1, 1987.

Michael E. Ramsden (Quane, Smith, Howard & Hull), Coeur d'Alene, for defendants-appellants.

Everett D. Hofmeister, Coeur d'Alene, for plaintiff-respondent.

BURNETT, Judge.

In this case we examine the dual requirements of timeliness and particularity in a motion for new trial. Rule 59(b), I.R.C.P., gives a disappointed litigant ten days to move for a new trial after judgment has been entered.[1] Rule 59(a) provides that if the motion challenges the sufficiency of the evidence or asserts an error in law, it "must set forth the factual grounds therefor with particularity." Today we must decide whether a party who has filed a timely motion may be allowed to satisfy the particularity requirement after the ten-day period has elapsed. If so, we must further decide whether the trial judge in this case properly exercised his discretion in granting a new trial. For reasons stated below, we vacate the order granting a new trial, and we remand for further findings.

The facts may be stated briefly. On a fall morning in 1983, Vanessa Nations was riding a bicycle on Second Street in Sandpoint, Idaho. As she passed the Bonner Building Supply store, her head struck the raised tines of a forklift truck, which had been left unattended at the edge of the street. The impact produced injury. She

---

1. Effective November 1, 1987, this time period has been expanded to fourteen days. The ten-day rule was extant at all times pertinent here.

brought this action against Bonner, against its owner, Jack Bopp, and against its employee, Billy Bopp, who operated the forklift.[2]

After trial, a jury determined that Bonner's employee had not been negligent in placing the forklift at a location where its elevated tines protruded over the street. Judgment was entered accordingly. Seven days later, Mrs. Nations' attorney filed and served a motion for new trial. The motion requested simply "that the Plaintiff be granted a new trial herein upon the grounds that will be set forth during hearing of this matter." At the hearing, the defendants attacked this motion on its face, contending that it was defective for failing to state the grounds on which it was based.[3] Rather than dismiss the motion, the trial judge set a briefing schedule which allowed Nations to supplement her motion and which gave the defendants time to respond. Nations then argued with particularity in her brief that there was insufficient evidence to support the jury verdict. The judge agreed, and he granted a new trial. This appeal followed.

## I

Bonner contends that the district judge lacked jurisdiction to grant a new trial because Nations' motion, although filed within ten days of judgment, did not satisfy the particularity requirement during the ten-day period. It is well established that a trial court lacks the authority to consider a motion which is not timely under Rule 59(b). *E.g., First Bank & Trust of Idaho v. Parker Bros., Inc.,* 112 Idaho 30, 730 P.2d 950 (1986); *Wheeler v. McIntyre,* 100 Idaho 286, 596 P.2d 798 (1979); *Hells Canyon Excursions, Inc. v. Oakes,* 111 Idaho 123, 721 P.2d 223 (Ct.App.1986). *See also* I.R.C.P. 6(b) (court may not enlarge time requirements imposed by certain rules, in-

cluding Rule 59(b)). However, it is not so clear that the ten-day period is a jurisdictional cutoff for satisfying the particularity requirement under Rule 59(a).

Our analysis of that question begins with a discussion of the policy considerations underlying the timeliness and particularity requirements. The time limitation strikes a balance between fairness and finality of district court judgments. As Chief Justice Shepard has declared, prolonged litigation is a painful process for all concerned. A party who has won a victory at trial understandably desires the judgment to be finalized promptly. A. Shepard, *State of the Judiciary, Message to the Idaho Legislature,* reported in STATE COURT JOURNAL, Vol. 11, no. 2, p. 26 (Spring, 1987). A motion for new trial impacts upon the finality of the judgment in several ways. First, the service of such a motion terminates the running of the forty-two day appeal period. I.A.R. 14(a); *Wheeler v. McIntyre, supra.* Second, the trial court may, in its discretion, stay the execution of a judgment pending disposition of the motion for new trial. I.C. § 11–101. Finally, a new trial motion signals a possibility that the trial court might set aside the judgment. By requiring a movant to give the prevailing party prompt notice that a new trial will be requested, Rule 59(b) minimizes this period of uncertainty. *Cf.* 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE, § 2812 (1973) (discussing counterpart federal rule).

On the other hand, the purpose of the particularity requirement under Rule 59(a) is to give the opposing party notice of the specific finding or ruling of law called into question. *Smith v. Great Basin Grain Co.,* 98 Idaho 266, 561 P.2d 1299 (1977); *Fignani v. City of Lewiston,* 94 Idaho 196, 484 P.2d 1036 (1971). This assists the op-

---

**2.** Mrs. Nations, who was pregnant at the time of the accident, also brought suit on behalf of the child. At the close of the evidence, the district judge granted the defendants a directed verdict with respect to the child's suit. He also held that the owner of Bonner's stock could not be held personally liable and he dismissed him from the case. These rulings have not been appealed.

**3.** A transcript of the motion hearing was not provided to this Court, so we must rely upon Bonner's uncontroverted assertion that this issue was raised at the hearing. In any event, the issue was strongly argued in the defendants' brief opposing the motion.

posing party in formulating a response to the motion. It also enables the court to identify the grounds on which the new trial is sought and to articulate the reasons for granting or denying the motion.

We believe the procedures followed in this case satisfied these policy concerns. Nations' motion, served seven days after entry of judgment, alerted Bonner that the judgment would not go unchallenged. Bonner was put on prompt notice that the judgment did not possess all the attributes of finality. Although the motion did not initially satisfy the particularity requirement, the briefing schedule established by the trial court allowed Nations to supplement the motion with the precise grounds for the motion and the facts on which it rested. The schedule also gave Bonner time to respond. Bonner does not contend that the motion, as supplemented by the brief, lacked particularity. The brief pointed specifically to evidence which, in Nations' view, mandated a finding of negligence by Bonner's employee. The trial court agreed, stating that the brief "sufficiently covers the specified particulars in order for the court to rule on [the new trial] motion." Neither does Bonner assert that the delay occasioned by the briefing schedule resulted in unfair prejudice.

Policy considerations aside, Bonner argues that the case law ties the particularity requirement to the timeliness requirement. We find no such explicit nexus. In *Scafco, Inc. v. Rigby*, 98 Idaho 432, 566 P.2d 381 (1977), the defendants filed a timely motion for a new trial but failed to specify with particularity the facts supporting their contention that the verdict was supported by insufficient evidence. The plaintiff moved to strike the motion but the defendants were allowed to file a supporting brief. The district judge ordered a new trial, but the Supreme Court reversed. The Court held that the judge should have granted the motion to strike. We think *Scafco* is distinguishable from the instant case. It does not appear that the defendants in *Scafco* ever complied with the particularity requirement. The Supreme Court described their supplemental brief as "consist[ing] largely of a rearguing of [the defendants'] case." *Id.* at 433, 566 P.2d at 382. *Scafco* stands for the proposition that the particularity requirement must be satisfied, not that it must be satisfied during the ten-day period. The same can be said of *Black v. Reynolds*, 109 Idaho 277, 707 Idaho 388 (1985). There the Court upheld a trial judge's denial of a new trial motion because the movant did not set forth the factual basis of the motion until it had been denied and the ruling had been appealed.

Our attention also is drawn to *Paullus v. Liedkie*, 92 Idaho 323, 442 P.2d 733 (1968). In that case an unsuccessful litigant moved for a new trial but failed to support his motion with an affidavit as required by a statute then in effect. The trial court denied the motion and the Supreme Court affirmed. *Paullus* was a harbinger of *Black*, holding that denial of a defective motion for new trial is not an abuse of discretion.[4]

The fact that a judge possesses discretionary authority to deny a nonparticularized motion does not mean that he invari-

---

**4.** Interestingly, former I.C. § 10–604 had not yet been repealed when *Paullus* was decided. As the Supreme Court noted, both the statute and Rule 59 incorporated a particularity requirement. The statute provided as follows:

> When the motion is to be made upon minutes of the court, and the ground of the motion is the insufficiency of evidence to justify the verdict or other decision, the notice of motion *must specify the particulars* in which the evidence is alleged to be insufficient; and, if the ground of the motion be errors in law occurring at the trial, and excepted to by the moving party or deemed excepted to, the notice *must specify the particular errors* upon which the party will rely. If the notice of motion

> does not contain the specifications herein designated *the moving party may at any time within twenty days* after filing such notice of motion, *or within such further time as the court may allow, file a notice containing such specifications* and serve a copy of the same upon the adverse party, and unless he do so the motion must be denied. [Emphasis added.]

Thus, under the statute a trial judge, in his discretion, could allow a movant to supplement his new trial motion in order to comply with the particularity requirement. We see no reason why the current rules should be construed to withhold this power from trial judges.

ably *must* do so. ... s the Supreme Court recently said in *Luther v. Howland,* 101 Idaho 373, 613 P.2 666 (1980), "In the event that a motion for new trial fails to allege the grounds with sufficient particularity, the trial court *should ordinarily* deny the motion and this Court will affirm the denial on appeal." *Id.* at 374, 613 P.2d at 667 (emphasis added). The case law does not preclude a judge from permitting the motion to be supplemented, so long as the procedure affords the nonmoving parties adequate opportunity to respond, and so long as the delay does not produce unfair prejudice.

This approach to the particularity requirement has its analogue in the Idaho Appellate Rules. When a notice of appeal is filed, it must meet a time requirement under I.A.R. 14. It also must designate the subject matter of the appeal under I.A. R. 17(e). The timely filing requirement is jurisdictional, but failure to satisfy the designation requirement is simply a ground for such action or sanction as the appellate court deems appropriate. *See* I.A.R. 12 and 46.

Our view of Rule 59(b) mirrors the interpretation given to the federal rule by the United States Court of Appeals for the Ninth Circuit. In *Roy v. Volkswagenwerk Aktiengesellschaft,* 781 F.2d 670 (9th Cir. 1985), the Court encountered a situation virtually identical to the one presented here:

> Appellees made a timely motion for new trial within ten days after the judgment under Rule 59(b) of the Federal Rules of Civil Procedure. The ground specified was the insufficiency of the evidence to support the verdict. Petitioners argue that the basis for the motion was not advanced with sufficient particularity. A later document, filed after the ten-day period, furnished the detailed arguments. The initial motion was adequate to pre-

serve the jurisdiction of the district court to rule on the motion.

*Id.* at 670. Accordingly, we hold that the trial court in this case had the power to allow supplementation and then to decide the new trial motion on its merits.

## II

■ We now turn to the substance of the district judge's decision. Our Supreme Court has enunciated the standard applicable to a motion for new trial on the ground of insufficient evidence under I.R.C.P. 59(a)(6). The trial judge has broad discretion. He is not required to view the evidence in a light most favorable to the verdict winner. Instead, he is free to weigh conflicting evidence for himself. If the judge, having considered the entire evidence, and having given full respect to the jury's findings, is left with the conviction that an injustice has been done, he may grant a new trial. *Quick v. Crane,* 111 Idaho 759, 766, 727 P.2d 1187, 1194 (1986). An appellate court, on the other hand, has not seen the witnesses or heard their testimony. Accordingly, our scope of review is limited. We will not overturn the grant or denial of a new trial unless the trial court has abused its discretion.

The judge in this case provided the jury with a special verdict form. The first question on the form asked, "Was there negligence on the part of the Defendant Bonner Building Supply which was a proximate cause of the accident?" The jury answered this question, "No." Accordingly, the jury never determined whether and to what extent Nations' negligence contributed to the accident. The district judge, in his order granting a new trial, rejected the jury's finding. "The Court finds that the jury erred in its finding of no negligence on the part of the Defendant.... From the evidence, it seems incredible to the Court that some degree of negligence would not be attributable to the Defendant." [5]

**5.** The parties have not questioned the judge's statement that the jury found no negligence on the part of Bonner. Accordingly, we accept the judge's interpretation. However, we note that the jury was not asked precisely about negligence; it was asked about "negligence ... which was a proximate cause of the accident." The jury's response might have turned as much upon causation as upon negligence. This latent ambiguity is inherent in the pattern jury instruction, IDJI 280, employed in the present case. The Supreme Court and its pattern jury instruction committee may wish to examine this problem.

We cannot fault the district judge's determination, so far as it goes. The evidence showed that Bonner's employee parked a large truck in the middle of Second Street. He removed a rack from the truck by means of a forklift. He backed the forklift toward the edge of the street, dismounted, and manually removed the rack from the tines. As noted at the outset of our opinion, he then left the forklift unattended. Its tines were raised to a height of roughly five feet and they extended over the street. There was testimony indicating that the tines, which were 48 inches long and from ½ to 2½ inches thick, could have been difficult to see when suspended in the air. Consequently, they presented a hazard to passers-by. The forklift operator testified that it was necessary to leave the tines elevated in order to remove the rack, but the trial judge concluded that such a procedure presented an unreasonable risk when conducted in a public thoroughfare. As the operator conceded on cross-examination, he could have unloaded the rack in such a manner that the tines did not extend over the street.

In summary, and without recounting all the conflicting evidence regarding the reasonableness of the employee's actions, the district court reasonably could have concluded that the jury's finding of no negligence was mistaken. Although the new trial order preceded *Quick v. Crane, supra,* in which the Supreme Court held that judges must give reasons for their decisions on new trial motions, the district judge in this case provided a more than adequate explanation of his reasoning.

However, this does not end our inquiry. The Idaho Supreme Court has further held that a new trial should not be granted under Rule 59 "unless it appears that a different result would follow a retrial." *Robertson v. Richards,* Idaho (S.Ct. No. 16043, slip op. October 27, 1987, at 8), *quoting Blaine v. Byers,* 91 Idaho 665, 671, 429 P.2d 397, 403 (1967). Here, the defendants squarely raised an issue of comparative negligence. The trial judge, noting that the jury never reached this issue, left the question undecided. This, we are constrained to say, was error. If a retrial were to result in findings that Nations was negligent, and that her negligence was fifty percent or more of the total negligence proximately causing the accident, then she would recover nothing from Bonner. I.C. § 6–801. The outcome would be the same as the result of the first trial. The judge should have evaluated the probability of such an outcome. It is not a factual determination we can make for the first time on appeal. *See Pope v. Intermountain Gas Co.,* 103 Idaho 217, 646 P.2d 988 (1982). Accordingly, we must remand for a further finding on this issue.

For this limited purpose the order granting a new trial is vacated. The case is remanded for further proceedings consistent with this opinion. No costs or attorney fees awarded on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.