751 P.2d 671

**Ralph McCLURE and Velva McClure, husband and wife, Plaintiffs–Appellants,**

**v.**

**Ron STANLEY, Defendant–Respondent.**

**No. 16548.**

Court of Appeals of Idaho.

March 1, 1988.

Richard N. Gariepy, Ketchum, for plaintiffs-appellants.

Raymond D. Powers of Moffatt, Thomas, Barrett & Blanton, Boise, for defendant-respondent.

SWANSTROM, Judge.

This is a personal injury action brought by Ralph and Velva McClure against Ron Stanley. The McClures sought recovery of damages allegedly suffered when Mrs. McClure fell while delivering newspapers on Stanley's property. A jury found for Stanley. The McClures moved for a new trial, contending that certain evidence had been admitted erroneously and that Stanley's counsel had argued improperly to the jury. The motion was denied. For reasons explained below, we affirm.

Two events occurring during trial have led to this appeal. The first was a discretionary ruling concerning admission of evidence. It arose when Stanley wanted to use an accident report—submitted by the McClures to their employer—for impeachment of Velva McClure's testimony as to the cause of the accident. The trial judge allowed the report to be used for impeachment purposes in spite of Stanley's failure to produce the report after he agreed to do so during the discovery phase of the lawsuit. The McClures contend that this ruling represented an abuse of discretion and that it deprived them of a fair trial. The McClures relied upon this ground in presenting their motion for a new trial.

The second event occurred during closing argument when Stanley's counsel referred to the same report. He argued that the report indicated the McClures' theory as to the cause of the accident changed after they first visited an attorney. The McClures' objection to these comments was sustained and the jury was admonished. However, in their motion for a new trial the McClures argued that the judge's admonishment was not sufficient to overcome the unfair prejudice generated by the attorney's remarks. As noted earlier, after a hearing the judge ruled from the bench, denying the motion for a new trial. We now examine that discretionary ruling.

In *Quick v. Crane,* 111 Idaho 759, 770, 727 P.2d 1187, 1198 (1986), our Supreme Court said:

In reviewing the denial of a motion for a new trial our standard is well settled. This Court has been consistent in recognizing the trial court's important function in passing on motions for new trial and upholding the trial court's grant or denial of such motions unless the court has *manifestly* abused the wide discretion in it. [Emphasis original.] *Tibbs v. City of Sandpoint,* 100 Idaho 667, 669, 603 P.2d 1001, 1003 (1979); *Seppi v. Betty,* 99 Idaho 186, 189, 579 P.2d 683, 686 (1978). The trial court is in a far better position to weigh the demeanor, credibility, and testimony of witnesses, and the persuasiveness of *all* the evidence. [Emphasis added.] Appellate review is necessarily more limited. While we must review the evidence, we are not in a position to "weigh" it as the trial court can. *Dinneen* [*v. Finch*], *supra* [100 Idaho 620] at 626, 603 P.2d [575] at 581 [1979].

While recognizing that the trial court should have broad discretion in ruling on motions for a new trial, the Supreme Court also held that "the trial judge must disclose his reasoning for granting or denying motions for a new trial ... unless those reasons are obvious from the record itself." Id. at 772, 727 P.2d at 1200. *See also Soria v. Sierra Pacific Airlines, Inc.,* 111 Idaho 594, 726 P.2d 706 (1986).

Moreover, and of critical importance to the instant case, "the general rule which prevails in this jurisdiction is that a motion for a new trial should not be granted unless it appears that a different result would

follow a retrial." *Blaine v. Byers*, 91 Idaho 665, 671, 429 P.2d 397, 403 (1967); *Nations v. Bonner Building Supply*, 113 Idaho 568, 746 P.2d 1027 (Ct.App.1987). This limitation on granting a new trial is consistent with, if not identical to, the harmless error rule. I.R.C.P. 61. *See also Soria v. Sierra Pacific Airlines, Inc., supra; Davidson v. Beco Corporation*, 112 Idaho 560, 733 P.2d 781 (Ct.App.1986), *overruled in part on other grounds*, 114 Idaho 107, 753 P.2d 1253 (1987).

Here, we need not examine each trial incident and determine whether error occurred. Rather, we can go directly to the question whether—if error did occur—a different result would follow in a retrial of the case. *Blaine v. Byers, supra.*

The trial judge conducted a hearing on the McClures' motion for a new trial. The record shows he applied the correct standard in determining whether to grant or deny the motion. He stated his reasons on the record for denying the motion. *Quick v. Crane, supra.* He examined each trial incident in light of *all* of the evidence introduced at trial. He concluded that even if error occurred in both instances, the errors did not compromise or change the jury verdict. The judge noted the "very substantial state of the evidence" and the diligent way the jury performed its function. With his unique view of the proceedings and of all of the evidence, the trial judge reached the "inescapable conclusion" that if the errors occurred they were harmless. Unlike the situation in *Nations v. Bonner Building Supply, supra*, it is obvious from the record here that the trial judge determined a different result would not follow if a retrial were to be conducted without the alleged errors. If the trial judge was correct in this assessment of the case, then we would be required to affirm.

 Here, the McClures have presented us with only a partial transcript of the trial. Accordingly, we do not have before us all of the evidence that was available to the trial judge in making his ruling on the motion for a new trial. This is not to say that an unsuccessful movant for a new trial must, in every instance, produce the entire record for our review. However, the record must be sufficient to show the existence of error and its likely effect upon the outcome. In this case, with only a partial record of the evidence bearing on the issue of Stanley's fault, we cannot say the trial judge was wrong in concluding that a retrial would produce the same result.

We conclude that the order denying a new trial must be affirmed. Costs to respondent, Stanley. No attorney fees awarded.

WALTERS, C.J., and BURNETT, J., concur.