(April 14, 1906.)

STATE, Appellant, v. ERNEST DRISKELL, Respondent.

[85 Pac. 499.]

NEW TRIAL, CRIMINAL CASE—MOTION FOR, SUSTAINED IN TRIAL COURT.
  1. Where respondent was convicted of the statutory crime of rape, and it is shown that the evidence was conflicting on material questions involved in the trial, and the trial judge sustains a motion for a new trial without stating whether his order was based upon the insufficiency of the evidence or errors of law occurring at the trial, this court will not reverse such order unless error is manifest from the record.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District for Latah County. Hon. E. C. Steele, Judge.

Defendant was prosecuted for the crime of statutory rape, was convicted, and, after sentence, was granted a new trial. State appeals. *Order granting new trial affirmed.*

Wm. E. Stillinger, Prosecuting Attorney of Latah County, and J. J. Guheen, Attorney General, for Appellant.

Wm. M. Morgan, and Albert L. Morgan, Attorneys for Respondent.

Counsel cite no authorities on point decided.

STOCKSLAGER, C. J.—The prosecuting attorney of Latah county filed an information against respondent charging him with the crime of statutory rape on the person of one Grace Clark. A trial was had and a verdict returned by the jury, finding him guilty as charged in the information. Within the time agreed upon by the prosecuting attorney and counsel for respondent, a bill of exceptions was settled and allowed by the court, and thereafter a motion in arrest of judgment was filed, to wit: "Comes now the above-named defendant, and moves the court to arrest the judgment in the above-entitled cause, and that no judgment be pronounced against the defendant on the verdict hereinbefore rendered, for the reason that the information in said cause does not state facts sufficient to constitute a crime against the laws of the state of Idaho." This motion was filed on the twenty-second day of January, 1906, overruled by the court, and defendent sentenced to five years' imprisonment in the state penitentiary; on the same day counsel for respondent there moved for a new trial on the following alleged errors: "1. That the court misdirected the jury in matters of law arising during the course of the trial. 2. That the verdict is contrary to both the law and the evidence."

On the twenty-ninth day of January, 1906, the court made the following order: "This cause coming on to be heard before me this twenty-ninth day of January, 1906, the defendant having heretofore, in open court, regularly made his application and motion for a new trial, within the time heretofore allowed by the court for that purpose; the time for the presentation of that motion and application being agreed to by

the respective counsel for the state and the defendant, and the court having heard the arguments of the respective counsel for and against said application and motion, and having examined all the records and papers appertaining, and being fully advised in the premises both as to the law and the facts, it is hereby ordered that the said application and motion of the defendant for a new trial be, and the same is hereby granted and allowed.'' It is from this order that the state appeals.

We are not informed by the order of the learned trial judge on which ground or whether on both set out in respondent's motion he granted the new trial. It is conceded by the attorney general, also the county attorney of Latah county, who took the appeal and made the only oral argument in the case, that orders granting new trials are largely within the discretion of the trial court. The rule is so well settled that it needs neither discussion nor citation of authorities. It is apparent from the record that in the opinion of the court the information was sufficient to charge the crime of rape, as a demurrer alleging various reasons why it was insufficient had been overruled by the court. It would hardly seem reasonable that the motion was sustained on account of the insufficiency of the evidence to support the verdict, as this question had been passed upon by the jury; hence we conclude that the court was convinced that an error prejudicial to the rights of the defendant in the instructions given to the jury or refusal to give the requests of counsel for defendant, the admission of evidence on behalf of the prosecution or rejection of evidence offered by defendant, or some one or more of these reasons, prompted the court in granting a new trial. If it was apparent to the judge before whom this case was tried, after an examination of the record and proceedings of the trial, that some error had been committed that may have misled the jury in the conclusion reached that the defendant was guilty, then it was the duty of the court below to make the order granting respondent another hearing. It matters not so far as this court is concerned from the record before us, whether the order was based on the insufficiency of the evi-

dence to support the verdict, or whether, in the opinion of the court, errors in the admission of evidence offered by the state or rejection of evidence offered by respondent prompted the court in making the order. He says he made it after familiarizing himself with both the law and the facts, and, as has been so often said by this court, where there are disputed facts the trial court and jury are in better position to pass upon them than this court. Without discussing what the record shows as to the facts in the case, it is sufficient to say that there are many contradictions shown, especially as to the confession of the respondent, and the facts and circumstances that led up to such confession.

In volume 1 of Greenleaf on Evidence, section 219, fifteenth edition, discussing confessions, and when they may be used against the accused, the author says: "Before any confession can be received in evidence in a criminal case, it must be shown that it was voluntary. The course of practice is to inquire of the witness whether the prisoner had been told that it would be better for him to confess, or worse for him if he did not confess, or whether language to that effect had been addressed to him." This rule stands uncontradicted by any author or text-writer, and, from the record in this case, we find 'much evidence and many contradictory statements as to just what was said by Mr. Clark, the father of Grace Clark, and respondent, prior to the meeting in the office of the prosecuting attorney, as well as in the office of such officer. If the theory of the prosecution is correct as to what was said in consultation between Mr. Clark and respondent, then the court erred in granting a new trial; if, on the other hand, the evidence offered by respondent, some of which was admitted and some rejected, shall be accepted as true and should have gone to the jury for their consideration, then there was no error in the order granting a new trial. As heretofore stated, the lower court was more familiar with the record and facts in this case than it is possible to bring here on paper, and we do not feel inclined to disturb his order granting a new trial. The order granting a new trial is sustained.

Sullivan, J., concurs.

AILSHIE, J., Concurring.—I have examined the record in this case very minutely and in detail, and have been unable to find any reason why the trial court granted a new trial. It is clear to my mind that the evidence of extrajudicial statements made by the defendant was admissible, and that those statements were made under such circumstances as to clearly justify their admission. I am also satisfied that the court did not err in refusing to give the instructions requested by the defendant. The court had already given an instruction to the jury covering the same subject in even a more favorable light to the defendant than this request; and, indeed, one of which he could in no way complain. It is also true that there would have been no error in giving this requested instruction. It is as follows: ''The guilt of the defendant cannot be proven alone by the confessions or statements of the defendant, without other evidence or circumstances tending to show the commission of the crime, and unless there is other evidence it is your duty to acquit the prisoner.''

I have been unable to find any error committed by the court on the admission or rejection of evidence. The letters written by defendant's sister to him while in jail and after the commission of the alleged offense were clearly inadmissible, and the court properly rejected them. This leaves only one other possible ground upon which the court could have granted a new trial, and that is insufficiency of evidence. It is true there is a conflict in the evidence, and it was perhaps not an abuse of the discretion vested in the trial court in such cases to grant a new trial if he believed that material evidence introduced on the part of the state was false or that an injustice had been done the defendant by reason of false statements made by witnesses or misapprehension of facts by the jury.

Since the trial court has assigned no specific reason why he granted a new trial, it is as fair to presume that he granted it for this latter reason as for any other. On that ground alone, I concur in an affirmance of the order granting a new trial.