409 P.2d 421

Marvin A. WERTH, Plaintiff-Appellant,

v.

John TROMBERG, Defendant-Respondent.

No. 9471.

Supreme Court of Idaho.

Dec. 28, 1965.

Vernon K. Smith, Boise, for appellant.

Elam, Burke, Jeppesen & Evans, Boise, for respondent.

McQUADE, Chief Justice.

On June 18, 1963, Marvin A. Werth, plaintiff-appellant herein, was driving his tractor-type truck west on Amity Road, a highway near Meridian. Although designed to pull a trailer, Werth's 7½-ton, 26-foot vehicle was not pulling a trailer at that time. While Werth was driving (about 45 miles per hour, he testified), he noticed 1800 feet and off the right side of the highway a yellow truck standing in a private driveway. The yellow truck, which was occupied by John Tromberg, defendant-respondent herein, was hidden almost completely by a row of trees which lined the east side of the driveway and which extended to near the edge of the road. Werth testified that as he approached the driveway, the truck was

driven out onto the roadway, blocking his westerly lane of traffic and causing him to apply his brakes to avoid a collision. Heavy application of the brakes caused the back wheels to bounce on the roadway, causing the truck to skid sideways on the highway and through a fence on the side of the road. It came to rest on a front lawn near a house across the street from the driveway where Tromberg's truck was located. A friend of Werth's, who had been following in a car about 3½ to 5 blocks behind, testified that upon arriving at the scene, he saw Tromberg's truck backing into the driveway from the roadway. Four other witnesses, however, testified that Tromberg's truck never entered the highway from the driveway.

Werth commenced this action against Tromberg to recover damages for personal injuries and property damage. After a jury trial, a verdict was returned against Werth and in favor of Tromberg and a judgment was entered thereon. From that judgment Werth appeals.

Appellant assigns error, contending that the trial court should not have permitted a witness, Hastriter, to express an opinion as to the speed of Werth's vehicle—he testified that Werth was traveling about 70 miles per hour immediately prior to the mishap. The basis of appellant's objection is that Hastriter did not have an opportunity to observe and to estimate with rea-sonable accuracy the speed of appellant's truck. The evidence indicates that Amity Road in the vicinity of the accident was straight and hilly, although the record does not reveal the depths or heights of these hills. Hastriter was driving east on Amity Road, or in the opposite direction of Werth. He passed Werth at the crest of the first "little knoll" ("I wouldn't call it a hill, it is a little knoll.") east of the driveway where Tromberg's truck was located. In answer to the question, "Did you have an opportunity to observe the truck of Mr. Werth long enough to have an opinion as to its speed?" Hastriter stated that he had "watched the truck for sometime because the tractor and trailer was waiting there to turn off the road, the truck was coming at a fairly high rate of speed." Pursuant to objections by the appellant, the trial judge, before permitting Hastriter to estimate Werth's speed, required a foundation as to Hastriter's knowledge of the area, familiarity with speed and specifically, of the speed of large trucks, prior observations of the speed of trucks and his checking of such speed with his own speedometer while he was driving his car.

It has been held almost without exception in this country that a person of reasonable intelligence and ordinary experience who has had sufficient opportunity to view the speed of a moving object may state his opinion of such speed. 32 C.J.S.

Evidence § 546(53) and (54). If the trial court is satisfied that these criteria have been met, the witness may be permitted to testify. C.J.S., supra. In the present case a sufficient foundation was presented relating to Hastriter's qualifications to estimate speed. The other questions raised by the appellant with respect to this testimony go to its credibility and weight rather than to its admissibility. The trial court did not commit error in permitting Hastriter to estimate Werth's speed.

Appellant also assigns error to admission into evidence of respondent's Exhibit E, a photograph, looking westerly, of respondent's truck standing in the driveway in question. The picture was taken the day the trial began (January 1964), at which time the trees lining the driveway were without leaves. The appellant asserts that this picture is deceptive and misleading and tends to give the impression that the respondent easily could have seen easterly along Amity Road without pulling onto the

highway. However, this picture was admitted for the limited purpose of illustrating the respondent's truck and the jury was so instructed both when the picture was introduced and in the court's instructions to the jury at the close of the trial.[1] The respondent testified that on the day of the accident, the trees were in full foliage and difficult to see through and that this picture did not accurately portray the condition of the trees as they were at the time of the mishap.[2]

■ In addition, respondent introduced two photographs taken the day after the accident, which admittedly portrayed the trees in full foliage and their relation to the driveway and Amity Road. Furthermore, appellant introduced into evidence a photograph taken the same day as respondent's Exhibit E, which also showed the driveway and some of the trees without foliage. This picture was offered by appellant for the limited purpose of showing the relative position of the tree nearest

1. "INSTRUCTION NO. 3
"You are instructed that Defendant's Exhibit E was admitted for the limited purpose of showing the construction of the defendant's truck and you may not consider the exhibit for any other purpose."

2. "Q Those limbs that obscure your view are difficult to see through, are they not?
"A Yes.
"Q And you have to pull up to a point where you can see around them, is that right?
"A Yes.

"Q Was it necessary to go on Amity Road in order to see?
"A No, I could see under some of the branches."
By appellant's attorney, in aid of objection, referring to Exhibit E:
"MR. SMITH: Are the trees bare or are they in foliage?
"THE WITNESS: [Tromberg]: They are bare, sir.
"MR. SMITH: They are bare. And does that accurately portray the tree with its foliage as it appeared on June 18, 1963?
"THE WITNESS: No, it is as they appeared yesterday."

the edge of the highway, to the highway. Under such circumstances the jury was not misled by respondent's Exhibit E and appellant was not prejudiced by its admission into evidence.

The appellant contends that the trial court erred in giving Instructions Nos. 18 [3] and 19 [4] and in refusing to give his requested Instruction No. 1. This latter requested instruction was merely a recitation of the full text of I.C. § 49–701, the basic speed statute of Idaho. Instructions 18 and 19, as given, adequately and fairly covered appellant's requested Instruction No. 1. Appellant asserts the facts did not justify

the giving of Instruction 18, urging that on the day of the accident the road was dry, the weather was good and there was no special hazard which would invoke I.C. 49–701(a). The record does not support this contention because it was established that Amity Road was hilly and that the truck the appellant was driving was difficult to stop when it was not pulling a trailer because of the danger of its skidding and the wheels locking when sudden brake pressure was applied, and that a different type of braking action was required when no trailer was attached. These facts warranted an instruction that even though the appellant

3. "INSTRUCTION NO. 18
"The speed at which a vehicle travels upon a highway, considered as an isolated fact and simply in terms of so many miles an hour, is not proof either of negligence or of the exercise of ordinary care.
"Whether that rate of speed is a negligent one is a question of fact, the answer to which depends on all the surrounding circumstances. The basic speed law of this state as provided by Section 49–701, of the Idaho Code, is as follows:
" '(a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.'
" * * * *
"A violation of this basic rule is negligence."

4. "INSTRUCTION NO. 19
"In addition to the basic rule just stated to you the Legislature has established prima facie speed limits.
"The prima facie speed limit at the place where the accident occurred was 60 miles per hour. You are instructed that although a vehicle is being driven at a speed not greater than the prima facie speed fixed by law, such speed, nevertheless, might be negligent under existing circumstances if it is in violation of the basic rule stated to you in the preceding instruction. Also, when a vehicle is being driven at a speed in excess of the prima facie limit, it raises a presumption that the driver is negligent; however, such a presumption is not conclusive and the presumption of negligence arising therefrom may be overcome by other evidence showing that under all the circumstances surrounding the event, the conduct in question was excusable, justifiable, and such as might reasonably have been expected of a person of ordinary prudence."

was driving within the prima facie speed limit, the jury could find that he was nevertheless negligent in driving at 40 to 45 miles per hour as he testified. Also, appellant requested that subsection (a) of I.C. § 49–701 be given as an instruction to the jury. Therefore, he cannot now complain that it was given. Laidlaw v. Barker, 78 Idaho 67, 297 P.2d 287 (1956); White v. Larsen & Shafer, 51 Idaho 187, 3 P.2d 994 (1931).

■ Appellant also argues that the trial court erred in giving Instruction No. 23, which reads as follows:

"If a party to this action violated Section 49–730,[5] just read to you, a presumption arises that he was negligent. This presumption is not conclusive. It may be overcome by other evidence showing that under all the circumstances surrounding the event, the conduct in question was excusable or justifiable.

"To prove that a violation of a statute such as that charged in this case was excusable or justifiable so as to overcome the presumption of negligence, the evidence must support a finding that the violation resulted from causes or things that made compliance with the statute impossible, something over

which the driver had no control which placed his car in a position violative of the statute, or an emergency not of the driver's own making by reason of which he fails to obey the statute, and that the person who violated the statute, did what might reasonably be expected of a person of ordinary prudence who desired to comply with the law, acting under similar circumstances."

With this contention we agree. There were no facts presented which justified instructing the jury on the exemption from compliance with the statute. When an instruction is presented to the jury which is not related to an issue or not related to facts developed at the trial, although erroneously given, ordinarily it does not constitute reversible error for ordinarily it does not result in substantial injury to the complaining party. See, e. g., Clear v. Marvin, 86 Idaho 87, 383 P.2d 346 (1963); Lallatin v. Terry, 81 Idaho 238, 340 P.2d 112 (1959); Evans v. Davidson, 58 Idaho 600, 77 P.2d 661 (1938); Asumendi v. Ferguson, 57 Idaho 450, 65 P.2d 713 (1937).

■ However, there were facts, namely, the presence of the trees along the driveway, which the jury erroneously could have considered in light of this instruction, upon

---

5. "49–730. Vehicle entering highway from private road or driveway.—the driver of a vehicle about to enter or cross a high-

way from a private road or driveway shall yield the right of way to all vehicles approaching on said highway."

which they could render a verdict for the respondent. Thus, by reason of this instruction, the jury could have found that although Tromberg entered the highway in violation of Werth's right-of-way, nevertheless, they could have found his action was excusable because of his difficulty seeing the roadway through the trees. The presence of the trees is not such a cause or thing which makes "compliance with the statute impossible," or "something over which the driver had no control which placed his car in a position violative of the statute," or "an emergency not of the driver's own making by reason of which he fails to obey the statute." Yet, on the basis of this instruction, the jury could have been misled into believing that the trees excused or justified Tromberg's entering the highway, if indeed he did. We have no way of knowing whether the jury found that Tromberg entered the highway (in which case he would be negligent *per se)* but was justified in doing so, or whether he did not enter the highway (in which case the instruction would have no effect), or whether Werth was contributorily negligent. The trial court should have instructed the jury that if Tromberg entered the highway in violation of I.C. § 49–730 and of Werth's right-of-way, he was negligent *per se*. Bale v. Perryman, 85 Idaho

435, 380 P.2d 501 (1963) ; State ex rel. McKinney v. Richardson, 76 Idaho 9, 277 P.2d 272 (1954). The trial court also should have instructed the jury that the difficulty of seeing through the trees would not have excused such negligence.[6] 65 C.J.S. Negligence § 19 h.

Because Instruction No. 23 might have misled the jury into believeing that Tromberg's negligence was excusable, such instruction was prejudicial to the appellant and constitutes reversible error. Cook v. Lammy, 73 Idaho 445, 253 P.2d 244 (1953) ; Murphy v. Mut. Life Ins. Co., 62 Idaho 362, 112 P.2d 993 (1941); Call v. City of Burley, 57 Idaho 58, 62 P.2d 101 (1936); Kleinschmidt v. Scribner, 54 Idaho 185, 30 P.2d 362 (1934); Brown v. Hardin, 31 Idaho 112, 169 P. 293 (1917).

The appellant also contends that the trial court erred in refusing to give other instructions requested by appellants. The trial court adequately covered the law as set forth therein in other instructions.

The judgment of the district court is reversed and the cause is remanded for a new trial.

Costs to appellant.

McFADDEN, TAYLOR, SMITH and KNUDSON, JJ., concur.

---

6. As requested by the applicable part of appellant's requested Instruction No. 3.