John W. **BIHLMIRE**, Plaintiff,

v.

Byron **HAHN**, Defendant.

No. 67–C–271.

United States District Court
E. D. Wisconsin.

Dec. 29, 1967.

Charne & Tehan, Milwaukee, Wis., for plaintiffs.

Byron Hahn pro se.

## DECISION ON MOTION

MYRON L. GORDON, District Judge.

The plaintiff has moved to strike portions of the amended answer on the grounds that such portions are insufficient defenses pursuant to rule 12(f) of the Federal Rules of Civil Procedure.

The amended answer filed by the defendant, appearing pro se, sets forth in paragraph 2, under the caption "First Defense", several allegations regarding his residence. Thus, the defendant alleges that he "has been a continuous resident of the United States of America since July 15, 1925" and that "he has been a resident of the State of Wisconsin for many years residing at Lake Geneva, Wisconsin, until 1965."

The plaintiff contends that residence is immaterial and that citizenship is the significant standard for diversity jurisdiction. The plaintiff asks the court to take judicial notice of the fact that in another pending action in this court, Mr. Hahn alleges that he is a citizen of the Republic of South Korea. The court considers that it would be inappropriate to strike paragraph 2 of the "First Defense" appearing in the amended answer for the reason that the words "residence", "citizenship" and "domicile" are often obscure in meaning. Accordingly, the court declines to strike such defense, especially since it goes to the jurisdiction of the court.

The plaintiff has also moved to strike all of paragraph 4 of the "First Defense" appearing after the following words: "Denies each and all of the allegations contained in Paragraph 4 of the Complaint * * *" The subsequent portion of paragraph 4 of the amended answer asserts that Mrs. Kendall, the plaintiff's assignor, had orally agreed to forgive this debt. This defense would not appear to be germane under # 3–605 of the Uniform Commercial Code since there was no written renunciation of the note or surrender thereof. At least, none is set forth in the amended an-

swer. Accordingly, plaintiff's motion to strike the aforesaid portion of paragraph 4 must be granted.

The plaintiff has also moved to strike all of paragraph 5 of the "First Defense" appearing after the following language: "That he denies Paragraph 5 of the Complaint * * *" The challenged portion of paragraph 5 contains references to negotiations between the plaintiff's attorneys and attorneys for Mrs. Kendall. It also contains the assertion that Mr. Bihlmire instigated bankruptcy proceedings against Mr. Hahn. Paragraph 5 concludes: "That said Mrs. C. P. KENDALL would not have endorsed said note had she been advised of the fact that the same was going to be used by plaintiff as a claim in the bankruptcy court, which action he has since taken as shown by Exhibit "B" attached hereto." In the court's opinion, there is no legal sufficiency to the portion of paragraph 5 to which the plaintiff has objected, and, accordingly, the motion to strike made in regard to paragraph 5 must be granted.

The plaintiff has further moved to strike everything contained in paragraph 7 of the "First Defense" after the words "Denies the allegation contained in Paragraph 7 * * *" The subsequent portions of paragraph 7 of the amended answer assert that the defendant advised Mr. Charne that the note had been forgiven by Mrs. Kendall. The court considers that this allegation is legally insufficient and that the motion to strike should be granted. However, paragraph 7b of the amended answer alleges as follows: "Denies that any amount is due and owing, and realleges statements made in Paragraphs 4 and 5 of this Amended Answer." The motion to strike the foregoing must be denied.

With reference to the "Second Defense", the plaintiff has moved to strike the portion of the amended answer contained in paragraph B, wherein the defendant alleges that the court is without jurisdiction because "There is no diversity of citizenship, for the plaintiff claims he is a resident of Wisconsin and defendant resides in Wisconsin." In my opinion, this portion of the amended answer may not be stricken.

The plaintiff has moved to strike the "Third Defense" in its entirety. This defense relates to the plaintiff's allegedly having "instigated an involuntary bankruptcy proceeding against the defendant". Such allegations would appear to have no relevancy to the present action, and the motion to strike it should be granted.

Accordingly, it is ordered that the plaintiff's motion to strike portions of the defendant's amended answer be granted as set forth in the foregoing decision and denied in part as hereinbefore set forth.