523 P.2d 1361

Alfred RIKSEM and Annabelle Riksem, husband and wife, Plaintiffs-Appellants,

v.

Lance E. HOLLISTER, Defendant-Respondent.

No. 11344.

Supreme Court of Idaho.

July 2, 1974.

Coughlan, Imhoff, Christensen & Lynch, Boise, for plaintiffs-appellants.

Elam, Burke, Jeppesen, Evans & Boyd, Boise, William D. Olson, Pocatello, for defendant-respondent.

BAKES, Justice.

This appeal arises out of a wrongful death action brought by plaintiffs-appellants Alfred and Annabelle Riksem for the death of their son, Norman Riksem, who was killed in a single car automobile accident on Sunday, May 23, 1971. Defendant-respondent Lance E. Hollister was driving the car when the accident occurred. Following a jury verdict, the district court entered judgment in favor of defendant and against plaintiffs. Appellants appeal from this judgment of the district court.

The dispositive issue in this appeal is whether the jury should have been instructed on the applicability of the guest statute. This case fits squarely within the recent case of Newman v. Coleman, 96 Idaho 80, 524 P.2d 541 (1974), wherein this Court, relying upon the case of Thompson v. Hagan, 96 Idaho 19, 523 P. 2d 1365 (1974), which ruled the automobile guest statute unconstitutional, reversed and remanded the case for new trial. Accordingly, this case must be remanded for a new trial on the issue of the negligence of both parties to the action.

In view of our disposition of this appeal by the granting of a new trial, we should also consider questions of law which may arise on a retrial of the case. I.C. § 1–205; Cassia Creek Reservoir Co. v. Harper, 91 Idaho 488, 426 P.2d 209 (1967); Ore-Ida Potato Products, Inc. v. United Pacific Insurance Co., 87 Idaho 185, 392 P.2d 191 (1964). The first issue which must also be considered is whether the trial court erred in refusing to admit as evidence plaintiff's photographs, exhib-

its 5 and 6. The trial court rejected the exhibits on the basis of lack of foundation. Exhibits 5 and 6 were photographs depicting the road where the automobile in which Norman Riksem was riding left the road. The photographs were identified and stated to be an accurate representation of the roadway at the time of the accident with the exception that the road had been widened "a little bit" and a painted "fog line" had been added to the edge of the asphalt on both sides of the road. This Court has held that changes in the conditions portrayed between the time of the event under investigation and the taking of the photograph do not render the photograph inadmissible if the changes can be explained by a witness, and if the changes are not of such a character as to render the photograph deceptive. Werth v. Tromberg, 90 Idaho 204, 409 P.2d 421 (1965); McKee v. Chase, 73 Idaho 491, 253 P.2d 787 (1953); Bell, Handbook of Evidence for the Idaho Lawyer, 2d Ed., 1972, at p. 180. The changes in the road between the time of the taking of the photograph and the time of the accident were adequately explained when the exhibits were offered into evidence. The addition of the fog lines and the slight widening of the road did not make the photographs deceptive. While it may not have been reversible error for the trial court to refuse to admit the photographs, on remand the photographs should be admitted.

The other issue which must be discussed is whether or not the trial court erred in refusing to allow an economist to testify as to the projected future earnings of Norman Riksem. Plaintiffs called an economist, John Mitchell, to testify regarding the probable earnings of the deceased and the amount based upon such earnings that the deceased would have been able to contribute to the support of his parents. The court refused to allow Mitchell to testify because the amount Riksem would have been expected to earn during his lifetime bore no relationship to the amount he would have contributed to the support of his parents.

Appellants argue that the case of Meissner v. Smith, 94 Idaho 563, 494 P.2d 567 (1972), is controlling in this instance. In *Meissner*, this Court held that it was not, as a matter of law, an abuse of discretion for the trial court to admit the testimony of an economist where it was shown at the trial that a very strong family relationship existed between the deceased and his parents, and where the parents possessed a limited income potential and that income was directly tied to the physical labor of the parents. The court in that case held that there was a strong enough probability that the deceased would have contributed to the support of his parents and sufficient foundation laid regarding probable future earnings to justify the admission of the economist's testimony. The question of the admissibility of the economist's testimony in *Meissner* was "on the borderline between that which is admissible and that which is not," Meissner v. Smith, *supra*, at p. 570, 494 P.2d at p. 574. In this case, the trial court did not err in ruling that there was insufficient correlation established between the amount Riksem would have earned and the amount which he could have contributed to the support of his parents. The trial court was correct in refusing the testimony.

Reversed and remanded. Costs to appellants.

SHEPARD, C. J., and DONALDSON, McQUADE and McFADDEN, JJ., concur.