576 P.2d 585

**Keith D. EVERTON, Plaintiff-Respondent,**

v.

**Sid BLAIR, Defendant-Appellant.**

**No. 12553.**

Supreme Court of Idaho.

March 29, 1978.

---

John C. Ward and David R. Lombardi of Langroise, Sullivan & Smylie, Boise, for defendant-appellant.

Dean E. Miller and Dean J. Miller of Gigray, Miller, Downen & Weston, Caldwell, for plaintiff-respondent.

PER CURIAM.

Defendant-appellant Sid Blair was involved in a Mexican land deal with Playa International, a corporation of which he is a 9% shareholder. Blair was asked by the entrepreneurs of the land deal, other shareholders in Playa, to provide an additional $20,000 to finalize the deal. He stated that he could only come up with $10,000.

At this point the testimony at trial was disputed. Plaintiff-respondent Keith Everton claims that Blair then asked him (Everton) for a personal loan of $10,000 so that Blair could make the needed $20,000 payment and that $10,000 was transferred from Everton to Blair in August of 1973.

Blair executed a note for $10,000 payable to Everton in February of 1974. Everton contends this note was executed because he realized he only had Blair's word on the $10,000 loan and he wanted to be sure that he got his money back. He therefore demanded Blair give him the note.

Blair contends that Everton asked for the note for accounting and income tax reasons only and it was understood that the note would not be presented for payment. Blair contends that Everton put the $10,000 into the deal for himself and not for Blair.

Everton did demand the note be paid and brought this suit. One of Blair's defenses was that Everton had orally waived the note. A jury trial was held and a verdict was returned for Blair. Judgment was entered on December 6, 1976. On December 14, 1976 Everton moved for a new trial, basing that motion on improper jury instructions. A hearing was held on this motion and the trial judge granted the motion on February 10, 1977 and ordered a new trial. The reasons given for this order are: "[I]t appearing to this court that errors of law prejudicial to the plaintiff occurred at trial in the following particulars: (1) that there was no evidence educed at the trial which would justify the giving of instructions on the law of waiver. (2) That instructions given incorrectly stated the law of waiver or renunciation as it is applied to negotiable instruments."

Blair appeals, contending the jury instruction on waiver was proper, therefore making the ordering of a new trial reversible error.

■ The trial court is vested with broad discretion in granting a new trial. On appeal, the determination of the trial court will not be overturned absent a manifest abuse of discretion. *Dawson v. Olson*, 95 Idaho 295, 507 P.2d 804 (1973); *Rosenberg v. Toetly*, 93 Idaho 135, 456 P.2d 779 (1969); *Mattson v. Bryan*, 92 Idaho 587, 448 P.2d 201 (1968); *Blaine v. Byers*, 91 Idaho 665, 429 P.2d 397 (1967); *Cassia Creek Reservoir Co. v. Harper*, 91 Idaho 488, 426 P.2d 209 (1967); *Kuhn v. Dell*, 89 Idaho 250, 404 P.2d 357 (1965); *Say v. Hodgin*, 20 Idaho 64, 116 P. 410 (1911).

██ The trial court is under a duty to instruct the jury on every reasonable theory recognized by law that is supported at trial. *Hodge v. Borden,* 91 Idaho 125, 417 P.2d 75 (1966); *Domingo v. Phillips,* 87 Idaho 55, 390 P.2d 297 (1964); *Wurm v. Pulice,* 82 Idaho 359, 353 P.2d 1071 (1960). However, instructions should not be given which are not based on evidence from the trial. *Bratton v. Slininger,* 93 Idaho 248, 460 P.2d 383 (1969); *Fawcett v. Kirby,* 92 Idaho 48, 436 P.2d 714 (1968). Instructions should not be given on a theory which is not legally sound. *Corey v. Wilson,* 93 Idaho 54, 454 P.2d 951 (1969); *Cassia Creek Reservoir Co. v. Harper, supra.*

██ An instruction which incorrectly states the law provides grounds for ordering a new trial. *Corey v. Wilson, supra; Walker v. Distler,* 78 Idaho 38, 296 P.2d 452 (1956); *I.R.C.P. 59(a)(7).*

The issue before us is whether Everton can invalidate a promissory note by an oral statement. The jury was given the following instruction on the law of waiver: "The defendant Sid Blair is not liable to the plaintiff Keith Everton on the subject promissory note if you find that the plaintiff has waived payment of the note. Waiver is a voluntary relinquishment of a known right and may be evidenced by conduct, by word, or by acquiescence."

The Uniform Commercial Code governs proceedings on promissory notes. I.C. § 28–1–101 et seq. The specific methods of discharge on a promissory note are listed in I.C. § 28–3–601. These methods of discharge are exclusive. I.C. § 28–3–601, comment 1. Cancellation and renunciation are listed methods of discharge. I.C. § 28–3–605.

██ For a promissory note to be cancelled without consideration, the cancellation or renunciation of rights must be done by a signed writing. This is clear from the language of I.C. § 28–3–605. *Bihlmire v. Hahn,* 43 F.R.D. 503 (E.D.Wis.1967); *see Anderson v. Ruberg,* 66 Idaho 417, 160 P.2d 456 (1945). "A renunciation may be effected in either of two ways. The holder may make a signed, written declaration or statement that he renounces his rights against a named party. . . . The holder may also make a renunciation of rights by surrendering the instrument to the party to be discharged." 3 R. Anderson, Uniform Commercial Code 123–124 (2d ed. 1971).

The same rule applied under the Uniform Negotiable Instruments Law § 122, the predecessor to U.C.C. § 3–605. "A renunciation must be in writing . . . ." *Brown v. Brown,* 53 N.M. 379, 208 P.2d 1081, 1095 (1949).

Blair contends the alleged oral statement of Everton works to cancel the note in another way. He asserts that Everton, as the payee, is not the holder in due course of the instrument. I.C. § 28–3–302. All defenses available in an action on a simple contract are available against one not a holder in due course. I.C. § 28–3–306. Blair proposes that waiver is one of these defenses and therefore a waiver will effectively cancel the note.

Blair cites as authority for this proposition *Bowie Nat'l Bank v. Stevens,* 532 S.W.2d 67 (Tex.1975). This case provides little support for the waiver theory. The facts of that case show that a bank was seeking to foreclose a note and deed for delinquencies in payment. The court held that by accepting delinquent payments in the past the bank had waived their right to timely payment until Stevens was notified that he could no longer rely on this waiver. What the court found was an estoppel waiver on a condition of the contract, that condition being the right to foreclose for delinquent payments.

Waiver of a condition is a well established defense in contractual actions. J. Calamari and J. Perillo, Contracts § 169 (1970). Further, the waiver in *Bowie* was an estoppel waiver which requires detrimental reliance to be effective. *Rennie and Laughlin, Inc. v. Chrysler Corp.,* 242 F.2d 208 (9th Cir. 1957); J. Calamari and J. Perillo, *supra,* at § 168; J. White and R. Summers, Uniform Commercial Code, 39 (1972); Restatement of Contracts § 297 (1932).

Here there was no showing of the elements of an estoppel waiver. Waiver is a

term that does not apply to the facts of this case.

Suppose that A has given his note to B for money lent. B has a legally enforceable right to repayment of the money. Can B effectively discharge this right by merely saying to A "I waive my right to payment"? The answer to this appears to be No. The question is one of Discharge of a contract right created by a promissory note given for an executed consideration.

. . .

There are ways of effecting a gift discharge. These should not be sought or discussed under a heading as "waiver."

3 A Corbin on Contracts § 752 (1960).

■ What Blair is contending is a waiver of a condition is actually an entire discharge on the note. A promissory note cannot be discharged by simple oral statement. *Community National Bank and Trust Co. v. Gold,* 45 App.Div. 947, 359 N.Y.S.2d 118 (1974), *aff'd,* 37 N.Y.2d 831, 378 N.Y.S.2d 29, 340 N.E.2d 465 (1975).

■ The instruction on the law of waiver was inapplicable and in error. It was proper for the trial court to grant the new trial. No manifest abuse of discretion is shown.

Affirmed. Costs to respondent.