613 P.2d 666

Carmen L. LUTHER and Michael Luther, a minor who sues by his next friend, Carmen L. Luther, Plaintiffs-Respondents and Cross-Appellants,

v.

Vern HOWLAND, Defendant, Third-Party Defendant, Appellant and Cross-Respondent,

and

Development Enterprises, Ltd., a limited partnership and Volco, Inc., a corporation, Defendants, Third-Party Plaintiffs, Respondents and Cross-Respondents.

No. 13208.

Supreme Court of Idaho.

July 2, 1980.

John P. Howard, of Quane, Smith, Howard & Hull, Boise, for appellant.

William R. Dalling, of Seeley, Jones & Fuller, Jerome, for respondents Luther.

Harry C. DeHaan, of Benoit & Alexander, Twin Falls, for respondents Development Enterprises, Ltd., and Volco, Inc.

DONALDSON, Chief Justice.

This is an action in negligence and breach of warranty for damages sustained by plaintiff following discovery of raw sewage beneath her home. On August 5, 1975, plaintiff cross-appellant Carmen Luther, then known as Carmen Darling, purchased a house and lot in Jerome, Idaho from defendant Development Enterprises, Ltd. Development Enterprises had subcontracted out most of the labor on the house and had subcontracted the plumbing work to defendant Vern Howland, a local plumber.

Plaintiff and her son moved into the house shortly before the closing date on the sale and continue to live there at present. Shortly after purchasing the house and lot plaintiff married Gerald Luther, who also moved into the residence. In the spring of 1976 Mrs. Luther began noticing a musty smell in the house but could not find its source. The odor became progressively worse as the days grew warmer. Following an out of town trip over the Memorial Day weekend of 1976, the Luthers returned home and found the smell overpowering. Mr. Luther searched for the crawl space opening beneath the house and when he opened it, "found a river of sewage" under the house.

The Luthers notified an employee of Development Enterprises of the problem who, after unsuccessfully trying to contact Howland, obtained the services of another local plumber, Robert Tanner Johns, to remedy the problem. Johns went beneath the house and observed that the internal plumbing for the house was not then connected to the sewer line. In addition, he found there was a space of about 8 or 9 inches between the internal plumbing line and the sewer line.

Mrs. Luther, on behalf of herself and her minor son, brought suit against Development Enterprises, Volco, Inc., a general partner in Development Enterprises, and Vern Howland for damages resulting from the collection of sewage under her house. Mrs. Luther alleged two causes of action: the first, a negligence count, alleged that Howland was negligent in the installation of the plumbing and that the other two defendants were negligent in failing to properly inspect the plumbing following installation. The second count stated an action for breach of warranty, alleging that defendants' conduct constituted a violation of the Idaho Consumer Protection Act because Development Enterprises had given a "builder's warranty" on the house which was good for a one year period. In addition, Howland had entered into a subcontractor's endorsement with Volco, in which he had warranted his work on the house.

Development Enterprises and Volco then cross-claimed against Howland, seeking to hold him liable on the basis of the warranty provision contained in the subcontract endorsement. At trial, the matter was submitted to the jury on a special verdict form which took into account only the negligence claim. The issues raised by the breach of warranty count were not submitted to the jury or decided by the court. The jury found that plaintiffs were 20% negligent, but that their negligence was not a proximate cause of the accident or resultant damages. Development Enterprises and Volco were each found to be 40% negligent, and the jury found that Howland was not

negligent. Plaintiffs were awarded damages in the amount of $3,500.

With the exception of Howland, all other parties moved for judgment n. o. v. or for a new trial. The district court denied the motions for judgment n. o. v. but found that the evidence was insufficient to support the verdict and ordered a new trial. It is from this order that Howland appeals. The Luthers cross-appeal with respect to alleged error in the jury's verdict and with respect to errors allegedly committed by the district court during the course of the trial.

In determining whether it was proper for the lower court to grant a new trial, we pay special attention to the proximity the trial court has to the parties and the issues before it. *Seppi v. Betty*, 99 Idaho 186, 188, 579 P.2d 683, 685 (1978). The trial court is vested with broad discretion in granting a new trial, and its determination will not be overturned absent a manifest abuse of discretion. *Everton v. Blair*, 99 Idaho 14, 15, 576 P.2d 585, 586 (1978); *Messmer v. Ker*, 96 Idaho 75, 77–78, 524 P.2d 536, 538–39 (1974); *Dawson v. Olson*, 95 Idaho 295, 298, 507 P.2d 804, 807 (1973). This is especially true where the trial court believes that the jury's verdict is a product of misunderstanding, prejudice or bias, or that the jury has failed to properly follow the court's instructions. *Seppi v. Betty, supra* at 195, 579 P.2d at 692 (1978).

In the present case Howland objects to the order of new trial on the basis of: (1) the insufficiency of the parties' motions for new trial and (2) the conclusory ground given by the trial court "that the evidence was insufficient to support the verdict of the jury. . . ." We address each of these objections separately.

While the lower court has broad discretion in determining whether a new trial is proper, such a decision is by no means absolute. In the event that a motion for new trial fails to allege the grounds with sufficient particularity, the trial court should ordinarily deny the motion and this Court will affirm the denial on appeal. I.R.C.P. 59(a)(7); *Scafco Boise, Inc. v. Rigby*, 98

Idaho 432, 434, 566 P.2d 381, 383 (1977); *Paullus v. Liedkie*, 92 Idaho 323, 326, 442 P.2d 733, 736 (1968).

However, the trial court can also grant a motion for new trial on its own initiative, I.R.C.P. 59(d), and while the court must specify in the order the *grounds* therefor, it need not specify its *reasons.* Here, the lower court awarded a new trial on the grounds "that the evidence was insufficient to support the verdict of the jury. . . ." Apparently, Howland would require the same degree of particularity from the trial court when declaring its grounds for a new trial as is required from the moving parties in their motions under I.R.C.P. 59(a)(7). Such is not the case, however.

As this Court has previously indicated, a trial court need not specify its *reasons* for granting a new trial, although it is encouraged to do so; it is sufficient for the court to set down the statutory *grounds* for its order. *Tibbs v. City of Sandpoint*, 100 Idaho 667, 669, 603 P.2d 1001, 1003 (1979); *Smith v. Great Basin Grain Co.*, 98 Idaho 266, 275, 561 P.2d 1299, 1308 (1977); *Deshazer v. Tompkins*, 93 Idaho 267, 270, 460 P.2d 402, 405 (1969). Here, the trial court did not specify its reasons for why it felt the evidence was insufficient to support the jury verdict. But as cited in the cases above, such failure does not constitute reversible error. Since we find no abuse of discretion by the trial court in granting the new trial we affirm its order. *Everton v. Blair, supra; Messmer v. Ker, supra.*

Since the trial court ordered a new trial in all respects, this will permit a retrial of all issues. Accordingly, we need not address the remaining assignments of error raised by the cross-appeal since the alleged defects would be cured by the order for new trial, except as to the testimony of Jerred Irish.

However, in affirming the order for new trial, we point out to the trial court that it should avoid confusion among the jurors at retrial and should not only instruct the jury on both the negligence count and the breach of warranty count, but

should it decide to submit the case to the jury in the form of a special verdict, both counts, and not one, should be submitted. The trial court should not allow Jerred Irish to testify on retrial, since his prior testimony was intended to show the negligent conduct of Howland upon a previous occasion. The general rule in Idaho is that evidence of the negligent conduct of a party on other occasions, which is used in an attempt to show a propensity for similar negligent conduct in the case in question, is not properly admissible. *Petricevich v. Salmon River Canal Co.*, 92 Idaho 865, 869–70, 452 P.2d 362, 366–67 (1969); C. McCormick on Evidence at 446 (2d ed. 1972). The trial court should not have allowed Irish to testify at the trial and he should not be allowed to testify again should the nature of his testimony be the same.

We affirm the order granting a new trial in all respects. Costs awarded respondents, cross-appellants Luther pursuant to I.A.R. 40.

BAKES, McFADDEN and BISTLINE, JJ., concur.

BISTLINE, Justice, specially concurring.

In a similar situation, although it involved a criminal case, Justice Ailshie concurred in sustaining an order granting a new trial on the grounds of insufficiency of evidence:

"It is true there is a conflict in the evidence, and it was perhaps not an abuse of the discretion vested in the trial court in such cases to grant a new trial if he believed that material evidence introduced on the part of the state was false or that an injustice had been done the defendant by reason of false statements made by witnesses or misapprehension of facts by the jury.

"Since the trial court has assigned no specific reason why he granted a new trial, it is as fair to presume that he granted it for this latter reason as for any other." *State v. Driskell*, 12 Idaho 245, 249, 85 P. 499, 501 (1906) (Ailshie, J., concurring).

SHEPARD, Justice, dissenting.

In my view, this case is absurdly simple. Following trial, the jury returned a verdict of no negligence on the part of Howland. Howland is to remain in the case upon retrial. If the trial judge had stated any other reason for his granting of a new trial, the result might be different under past decisions of this Court. However, the trial judge did specify his reason for granting the new trial as being a lack of sufficient evidence to support the verdict. Hence, I believe the evidence must be examined to determine if the trial judge was correct in holding that it was insufficient to support the verdict.

My view of the record indicates that Howland testified without equivocation that he connected the plumbing. Evidence from the other parties indicated that an inspection much later in time revealed that at that time the plumbing was not connected. The only way in which Howland could have been found negligent is if he did not connect the plumbing. Howland's testimony that he did connect the plumbing constituted sufficient evidence upon which the jury could find no negligence on the part of Howland. The jury did so find no negligence on the part of Howland. Hence, I would hold error on the part of the trial judge in granting a motion for a new trial as to Howland on the basis that there was insufficient evidence to support the verdict of no negligence on the part of Howland.