639 P.2d 6

Victor ROWETT, Plaintiff-Appellant,

v.

KELLY CANYON SKI HILL, INC.,
Defendant-Respondent.

No. 13518.

Supreme Court of Idaho.

Dec. 29, 1981.

John H. Ohman of Cox, Ohman & Weinpel, Idaho Falls, for plaintiff-appellant.

Richard E. Hall of Moffatt, Thomas, Barrett & Blanton, Boise, for defendant-respondent.

DONALDSON, Justice.

Plaintiff-appellant Victor Rowett has brought this appeal from the judgment rendered upon a jury verdict and the district court order which denied his motion for judgment notwithstanding the verdict or, in the alternative, a new trial. The questions presented on appeal are the following: (1) whether the trial court's denial of the motion for judgment notwithstanding the verdict or, in the alternative, a new trial was proper; (2) whether the trial court erred by excluding from evidence certain photographs depicting the condition of the plaintiff offered at trial; (3) whether the trial court erred by admitting into evidence certain photographs offered by the defendant; (4) whether an award of attorney fees should be made on this appeal. We affirm the trial court's denial of appellant's alternative motions and find no abuse of discretion with respect to the exclusion and admission of photographic evidence.

The following facts were developed at trial. Rowett was nightskiing at a ski area owned and operated by the defendant corporation. Rowett was injured when he skied into a traffic control device which consisted of two yellow ropes suspended between two poles with orange fluorescent tape strung between the ropes. Rowett lost a portion of his ear in the accident and brought suit under a theory of negligence against the defendant corporation in an effort to recover damages. Following a three-day trial in which conflicting evidence was introduced particularly concerning the lighting at the scene of the accident, the jury returned a verdict in favor of the defendant corporation.

■ In reviewing a denial of a motion for judgment notwithstanding the verdict, this Court must examine the record to determine whether the evidence when viewed in the light most favorable to the nonmoving party contains substantial competent evidence to support the jury verdict. *Annau v. Schutte*, 96 Idaho 704, 707, 535 P.2d 1095, 1098 (1975); *Mann v. Safeway Stores, Inc.*, 95 Idaho 732, 734–35, 518 P.2d 1194, 1196–97 (1974); *Barlow v. International Harvester Co.*, 95 Idaho 881, 886, 522 P.2d 1102, 1107 (1974); *Dawson v. Olson*, 94 Idaho 636, 641, 496 P.2d 97, 102 (1972). The trial judge in ruling on a motion for judgment notwithstanding the verdict considers only the evidence which was placed before the jury. Matters not in evidence, such as the affidavits which in this case accompanied appellant's alternative motions, are not considered. The scope of appellate review is similarly limited. *See, e.g., Owen v. Burcham*, 100 Idaho 441, 447, 599 P.2d 1012, 1018 (1979); *Barlow v. International Harvester Co., supra.*

The jury returned a special verdict in which a negative answer was given to the following question: "Was the defendant Kelly Canyon Ski Hill, Inc., guilty of negligence which was a proximate cause of the accident." By finding either that there was no negligence on the part of the defendant or such negligence was not a proximate cause of the plaintiff's accident, the jury

absolved the defendant from liability for plaintiff's damages. The jury had received proper instructions as to what constitutes negligence, proximate cause, the duty owed by an owner of land to invitees such as plaintiff, and the duty upon the plaintiff to use ordinary care for his own safety.

■ An examination of the record reveals that evidence was presented which would satisfy our standard of review that the jury verdict be supported by substantial competent evidence. Testimony was presented describing the location and construction of the traffic control device, the skiing experience level of the plaintiff, and the lighting at the scene of the accident. Sufficient competent evidence was introduced that the accident scene was adequately illuminated to reveal the presence of the device and that it was discernible at a distance. On the basis of the record, a reasonable jury could have returned a verdict for the defense. It is not required that evidence to be considered substantial be uncontradicted but rather that it be of sufficient quantity and probative value that reasonable minds could conclude that the jury verdict was proper. *Smith v. Great Basin Grain Co.*, 98 Idaho 266, 274, 561 P.2d 1299, 1307 (1977); *Mann v. Safeway Stores, Inc., supra*, 95 Idaho at 736, 518 P.2d at 1198. We affirm the denial of appellant's motion for judgment notwithstanding the verdict.

The appellant also assigns as error the denial of his alternative motion for a new trial. This Court has stated that:

"[T]he general rule which prevails in this jurisdiction is that a motion for a new trial should not be granted unless it appears that a different result would follow a retrial." *Blaine v. Byers*, 91 Idaho 665, 671, 429 P.2d 397, 403 (1967).

Further, it has been a long established rule that the determination of a new trial motion is largely within the discretion of the trial court and this Court will not overrule the grant or denial of the motion absent a manifest abuse of discretion. *E.g., Luther v. Howland*, 101 Idaho 373, 375, 613 P.2d 666, 668 (1980); *First Realty & Investment*

Co., Inc. v. Rubert, 100 Idaho 493, 504, 600 P.2d 1149, 1160 (1979); Everton v. Blair, 99 Idaho 14, 15, 576 P.2d 585, 586 (1978); Messmer v. Ker, 96 Idaho 75, 77–78, 524 P.2d 536, 538–39 (1974); Dawson v. Olson, 95 Idaho 295, 298, 507 P.2d 804, 807 (1973). The trial judge has had the opportunity to observe the parties, witnesses and counsel during the trial and can better judge whether a fair trial was had and substantial justice was done. E.g., Findley v. Woodall, 86 Idaho 439, 446–47, 387 P.2d 594, 598 (1963); State v. McConville, 82 Idaho 47, 52, 349 P.2d 114, 116 (1960).

Appellant's motion was made on the stated grounds that the record contained insufficient evidence and that false testimony by certain defense witnesses was presented which under I.R.C.P. 59(a)(1), (3) and (4)[1] would be grounds for the granting of a new trial. At trial, appellant presented evidence that the accident scene was dark which was countered by defense evidence that the scene was illuminated. At that time appellant was on notice that if his evidence was true the defense evidence was false. By affidavits which accompanied the motion for a new trial, the appellant alleged that false or mistaken testimony of certain defense witnesses concerning the presence of a light on the pole to which the traffic control device was attached denied him a fair trial. Attached to the affidavits were purportedly newly discovered photographic enlargements which allegedly disclosed the false nature of the testimony. At oral argument, appellant's attorney admitted that these enlargements were of two photographs which he had introduced into evidence at trial. He argued that the original exhibits were cropped when printed from the negatives and that this cropping was unknown to appellant and counsel, that after trial the cropping was discovered and the uncropped enlargements made which showed the top of the previously mentioned pole. He argued that the enlargements were newly discovered evidence which would entitle appellant to a new trial.

■ This Court is unconvinced that the enlargements are newly discovered evidence. The enlargements do not satisfy our requirements as set forth in Livestock Credit Corp. v. Corbett, 53 Idaho 190, 198, 22 P.2d 874, 877 (1933) wherein we stated:

"The general rule is that in order to warrant the granting of a new trial on the ground of newly discovered evidence it must appear (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issues; and (5) that it is not merely cumulative or impeaching."

We confirm the continued vitality of these requirements under I.R.C.P. 59(a)(4). Our examination of the enlargements and the original trial exhibits, convinces us that the enlargements revealed nothing relative to the specific pole which was not already discernible on the original exhibits. Both the originals and the enlargements showed the top of the pole. Appellant argues that

---

1. "Rule 59(a). New trial—Amendment of judgment—Grounds.—A new trial may be granted to all or any of the parties and on all or part of the issues in an action for any of the following reasons:

1. Irregularity in the proceedings of the court, jury or adverse party, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial.
. . . .
3. Accident or surprise, which ordinary prudence could not have guarded against.
4. Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial.

. . . .
7. Error in law, occurring at the trial. Any motion for a new trial based upon any of the grounds set forth in subdivisions 1, 2, 3 or 4 must be accompanied by an affidavit stating in detail the facts relied upon in support of such motion for a new trial. Any motion based on subdivisions 6 or 7 must set forth the factual grounds therefor with particularity. On a motion for new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."

he was surprised at trial by the allegedly false testimony with respect to a light on the pole. We are convinced that by an exercise of ordinary prudence appellant's counsel during his cross-examination of the defense witnesses could have used the original exhibits to counter this allegedly false testimony. Further, we conclude that appellant's counsel had sufficient opportunity both before and at the trial to discover by the exercise of due diligence that the photographs revealed no light atop the pole. *See Grasser v. First Security Bank of Idaho*, 96 Idaho 754, 757, 536 P.2d 749, 752 (1975). Appellant has not adequately demonstrated that had the enlargements been introduced at trial a different result would have been probable. *Blaine v. Byers, supra*, 91 Idaho at 671, 529 P.2d at 403. Assuming arguendo that the trial judge misstated in his order denying the alternative motions that the "defendant did not maintain that there was a light on this particular pole . . .," such an error on this record does not necessitate a new trial. The trial court stated that the defendant "did maintain the area was illuminated . . ." and "[w]ithout a picture showing lights absent in the immediate area, the absence of a light on this pole is not significant." We will not substitute our judgment with respect to the motion for a new trial where the appellant has failed to demonstrate a manifest abuse of discretion by the trial court. *Luther v. Howland, supra; Everton v. Blair, supra; Messmer v. Ker, supra; Dawson v. Olson, supra.* We affirm the denial of appellant's alternative motions.

■ During the trial, the plaintiff offered 56 photographs which depicted his physical injuries and condition and 36 were admitted into evidence. The appellant has assigned as error the exclusion of the remaining 20 photographs and another taken at the ski area showing a pole. The exclusion of the 20 on grounds that they were cumulative, prejudicial, irrelevant and immaterial, and would appeal to passions of the jury and the other on grounds that it was misleading will not be reversed on appeal because we find no abuse of discretion by the trial court. Even if the exclusion of

the 20 was error, since there was no liability attributed to the defendant, such an error would be harmless because it "does not affect the substantial rights of the parties." I.R.C.P. 61. Similarly, our review reveals no abuse of discretion with respect to the admission into evidence of two defense photographs whose changed conditions were adequately explained by testimony. *Riksem v. Hollister*, 96 Idaho 15, 16, 523 P.2d 1361, 1362 (1974); *Werth v. Tromberg*, 90 Idaho 204, 409 P.2d 421 (1965); *McKee v. Chase*, 73 Idaho 491, 253 P.2d 787 (1953).

Affirmed. Attorney fees are denied both parties on appeal.

BAKES, C. J., and McFADDEN, BISTLINE and SHEPARD, JJ., concur.