702 P.2d 852

**William M. MURPHY and Richard D. Echevarria, Plaintiffs-Respondents,**

**v.**

**Sam ETCHEGARAY, Defendant-Appellant.**

**No. 14735.**

Court of Appeals of Idaho.

May 29, 1985.

Rehearing Denied July 31, 1985.

Richard H. Greener and Michael T. Spink (Clemons, Cosho & Humphrey, P.A.), and Andrew M. Harrington, argued (Anderson, Kaufman, Ringert & Clark), Boise, for defendant-appellant.

Richard B. Eismann, Homedale, for plaintiffs-respondents.

BURNETT, Judge.

This lawsuit concerns an alleged breach of warranty in a sale of sheep. A jury found for the seller. However, the trial judge granted the buyers' motion for a new trial because, in the judge's view, the verdict was contrary to the evidence and had been influenced by juror misconduct. The seller has appealed. We affirm.

In the disputed transaction, Sam Etchegaray sold approximately 1,000 "bred ewes" to William Murphy and Richard D. Echevarria. Shortly after the sale, the buyers advised the seller that they had received less than 1,000 ewes, that nine of the sheep actually were castrated males and that some of the sheep were older than had been represented. An adjustment was made in the purchase price for these discrepancies. The buyers later experienced more problems. Some ewes were found to be infected with chlamydia, a disease causing abortions. Other ewes did not bear lambs in the numbers anticipated. The seller was notified again but the problems were not resolved to the parties' mutual satisfaction. This litigation ensued.

The buyers claimed damages upon theories of fraud and breach of express or implied warranties. The jury returned a special verdict finding no fraud and finding that no warranties had been breached. When granting the motion for a new trial, the judge stated that he disagreed with the jury on the warranty issue. He also noted that a member of the jury improperly had furnished her fellow jurors with "independent legal research" on that issue.

On appeal the seller argues that the district court abused its discretion by ordering a new trial. A motion for new trial is governed by I.R.C.P. 59(a), enumerating the grounds upon which the motion may be granted. The judge must identify each ground for ordering a new trial, although he is not required to state specific reasons for deeming each ground applicable. *Luther v. Howland,* 101 Idaho 373, 375, 613 P.2d 666, 668 (1980). Here, the judge stated reasons as well as grounds. In so doing, he has greatly facilitated our review. *See Sheets v. Agro-West, Inc.,* 104 Idaho 880, 887, 664 P.2d 787, 794 (Ct.App.1983) (specially concurring opinion joined by all members of the Court).

When proper grounds are identified, the grant of a new trial is discretionary. The judge's order will not be disturbed on appeal unless discretion has been abused. *Seppi v. Betty,* 99 Idaho 186, 579 P.2d 683 (1978). Our Supreme Court has explained the rationale for such deferential review:

> When a trial court is of the opinion that a verdict, based on conflicting evidence, or even where there is no conflict, is not in accord with law or justice, he may grant a new trial. The reasons for such a rule are recognized as being, (1) that the trial court, from seeing and hearing the witness, may have formed such a doubt as to the credibility of the testimony, or entertain such an impression from the surrounding circumstances and atmosphere of the trial, as to conclude that a fair and impartial trial was not had; and (2) that the exercise of such power is not an invasion of the jury's function to decide the facts, for upon granting a new trial the questions of fact will again be submitted to the jury for a decision.

*Warren v. Eshelman,* 88 Idaho 496, 500, 401 P.2d 539, 541 (1965) (citations omitted).

Here, each ground identified by the trial court—juror misconduct and inconsistency of the verdict with the evidence—is independently cognizable under Rule 59(a). The judge's perception of a conflict between the verdict and the evidence was not

merely a product of his concern about jury misconduct. The judge said:

> It is the opinion of this Court that the evidence does not support the jury's finding in that under the evidence the sheep in question had to be infected with chlamydia at the time plaintiffs purchased the sheep from the defendant. The evidence also clearly established that the ewes in question were largely very poor breeders even absent a chlamydia infection.

Consequently, we begin, and end, our review with the perceived conflict between the verdict and the evidence. Because this ground alone is sufficient to show that discretion was not abused, we do not reach the question—much debated by counsel—whether the type of juror misconduct revealed in this case also would have warranted a new trial.

The buyers presented expert testimony by a veterinarian that due to the incubation period of chlamydia, the ewes found to have the disease necessarily would have been infected before they were sold. Moreover, despite the seller's representation that all ewes were "bred," only about 65% were pregnant at the time of delivery. The evidence also tended to show, generally, that the production of offspring was less than expected. The seller did not undertake to refute the evidence concerning sheep infected with chlamydia. Rather, he testified that the rest of the flock conformed to all warranties and that the flock, taken as a whole, was not substandard. Upon this conflicting testimony, we believe the judge permissibly could have deemed the weight of the evidence to conflict with the verdict. Consequently, although the verdict was supported by evidence sufficient to overcome a motion for judgment n.o.v., it was within the judge's sound discretion to order a new trial. *See Sheets v. Agro-West, Inc., supra.*

The seller argues on appeal that the order for a new trial should be overturned, and that judgment should be entered against the buyers as a matter of law, because the warranty issue was improperly submitted to the jury in the first instance. The central thesis of this argument is that the evidence conclusively showed a failure to give timely notice of the breach. We disagree. I.C. § 28-2-607(3)(a) provides that "the buyer must within a *reasonable* time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy...." (Emphasis added.) Notice was given six months after the sheep had been inspected and chlamydia initially had been discovered. The buyers testified that they were unaware of the full range of problems in the sheep for several months after the sale. The gestation period for the most recently impregnated ewes consumed approximately four months. A similar period of time was required for veterinarians to establish reliable production data for the entire flock, in part because some of the ewes had been bred a second time after delivery. The evidence, in short, raises a viable issue of untimely notice but is not so conclusive as to compel taking the issue from the jury.

We conclude that the district judge did not abuse his discretion by ordering a new trial. The order is affirmed. Costs to respondents. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.